LIPPMAN *v.* FEATHERSTON.

1. SPECIFIC PERFORMANCE—CONTRACTS—CERTAINTY REQUIRED.
   Greater certainty in the terms of a contract is required in a suit for specific performance than in an action at law.

2. SAME—AMBIGUOUS CONTRACT UNENFORCEABLE.
   A contract, the terms of which are so ambiguous that either party may reasonably misunderstand them, may not be specifically enforced.

3. SAME—INDEFINITE LAND CONTRACT UNENFORCEABLE.

> A preliminary contract for the sale of a farm, providing that the premises are to be sold ''under uniform standard land contract governing the sale of farms, with full right to sell, assign and transfer the same,'' is incapable of specific enforcement, since the contract itself is not definite as to the form of contract to be used, and has not been made so by extrinsic evidence, which shows that there is no ''uniform standard'' form, but that many forms of contract are in general use in the vicinity.

4. TAXATION—DUTY TO PAY TAX ON LAND CONTRACT IS VENDORS'.

> Where purchaser's suit for the specific performance of a preliminary contract for the sale of a farm was dismissed, and after appeal he paid the statutory tax thereon, he is entitled to a modification of the decree requiring vendors to repay it to him, since the obligation to pay the tax is theirs, although the decree is affirmed because of uncertainty in the terms of the contract.

Appeal from Oakland; Doty (Frank L.), J. Submitted April 2, 1929. (Docket No. 28, Calendar No. 34,198.) Decided June 3, 1929.

Bill by Harry J. Lippman against Albert Featherston and another to compel specific performance of a preliminary agreement to enter into a formal land contract. From a decree for defendants, plaintiff appeals. Modified and affirmed.

*Harry J. Lippman*, in pro. per.

*Patterson & Patterson* (*Samuel J. Patterson*, of counsel), for defendants.

FEAD, J. This is a bill for specific performance of a preliminary agreement to enter into a formal land contract for the sale and purchase of a farm of about 53 acres in Oakland county. Counsel raise many issues, consideration of which would require

an extended statement of facts, but, in view of the question whether the contract is sufficiently certain to be specifically enforced, only those relevant to that issue need be set out.

The preliminary agreement, dated May 26, 1926, which was in the form of a written offer to purchase by plaintiff and acceptance by defendants, was definite and certain as to parties, property, consideration, and time of payment, but it contained the clause:

"It is understood that the premises in question are to be sold to me under uniform standard land contract governing the sale of farms, with full right to sell, assign and transfer the same."

The parties disagreed as to the form of contract to be made. Shortly after execution of the preliminary agreement, defendants' attorney presented to plaintiff, who is an attorney, a form containing clauses making time of payment of the essence of the contract and providing that the unpaid balance of the purchase price should be declared payable at once on commencement of proceedings in equity to enforce the contract. Plaintiff objected to these clauses and negotiations continued for several months, defendants' attorney finally conceding the time clause but continuing to insist upon the provision for acceleration.

Plaintiff testified that he understood the agreement provided for a contract without such clauses. Defendants' attorney understood that they were contemplated by the agreement. The chancellor held against plaintiff's claim of understanding. No form was found or produced which had the designation "uniform standard land contract governing the sale of farms." The form first presented by defendants

was on a blank printed for the Pontiac Commercial & Savings Bank. There was testimony that for a period of two years and over forms of that institution, of the Union Trust Company of Detroit, and its subsidiary, the Union Title & Guaranty Company, containing acceleration clauses, had been in common use in Oakland county in the sale of farms and other property; that there were also other Union Trust forms which did not contain such clause; that Richmond & Backus forms were also widely used, one called "Land Contract for Farm," containing a provision that time is of the essence and providing strict foreclosure on default but not acceleration, and another headed "Land Contract," containing neither the time nor acceleration clause. In fact the testimony is such that it cannot be said that any particular form was so generally used in Oakland county or the vicinity that it must have been within the contemplation of the parties.

In *Brin* v. *Michalski*, 188 Mich. 400, and *Ogooshevitz* v. *Arnold,* 197 Mich. 203, the preliminary agreements contemplated execution of formal land contracts and it was held that specific performance could be decreed. But there were no provisions in those agreements as to the form of the contracts to be executed and the decisions are not controlling here. Where there is such designation as at bar, specific performance cannot be decreed without determination of the form of contract to be ordered.

Greater certainty is required in an action of specific performance than an action at law. 36 Cyc. 589. The terms of the contract must not be so ambiguous that either party may reasonably misunderstand them. 36 Cyc. p. 590.

As the form named in the agreement was not shown to have been well recognized or known by that designation, and many forms are in general use in

the vicinity, none can be selected with surety that it will express the intent of the parties when they made the agreement. The court cannot make a contract by selecting a form for them. The contract at bar was not certain and definite of itself, has not been made so by extrinsic evidence, and cannot be specifically enforced. Illustrative cases are: *Gates* v. *Gamble,* 53 Mich. 181; *Wardell* v. *Williams,* 62 Mich. 50 (4 Am. St. Rep. 814); *Blanchard* v. *Railroad Co.,* 31 Mich. 43 (18 Am. Rep. 142); *Chatham-Trenary Land Co.* v. *Swigart,* 220 Mich. 137; *Palmer* v. *Pokorny,* 217 Mich. 284.

Plaintiff paid the mortgage tax on the contract after appeal to this court. The obligation was defendants' and plaintiff is entitled to a provision in the decree requiring them to repay it to him. *Macdonald* v. *Betts,* 246 Mich. 585.

As so modified, the decree dismissing the bill is affirmed, with costs.

NORTH, C. J., and FELLOWS, WIEST, CLARK, MC-DONALD, POTTER, and SHARPE, JJ., concurred.