LIPPMAN *v.* HUNT.

1. JUDGMENT—SUMMARY JUDGMENT—ALTERATION OF INSTRUMENTS—
QUESTION FOR JURY.

In action to recover money paid as real estate commissions on
sale never consummated, statement by defendant, in affidavit of
merits filed in opposition to motion for summary judgment,
that underwriting under his signature on receipt given when
commissions were paid was deleted without his knowledge or
consent, and at some time subsequent to delivery of receipt,
raised question of fact for jury, justifying denial of motion
for summary judgment.

2. APPEAL AND ERROR—MANDAMUS.

Where, on review of denial of motion for summary judgment,
record shows that relief, if any, should have been by man-
damus rather than by writ of error, question presented is
considered as application for mandamus.

Error to Wayne; Martin (William H.), J., presid-
ing. Submitted October 9, 1929. (Docket No. 41,
Calendar No. 34,564.) Decided December 4, 1929.
Rehearing denied March 7, 1930.

Assumpsit by Harry J. Lippman against Malcolm
Hunt and others to recover money paid as real estate
commissions on sale never consummated. Plaintiff
reviews denial of his motion for summary judgment
by writ of error. Affirmed.

*Harry J. Lippman,* in pro. per.

*Race, Haass & Allen (Floyd A. Supp,* of counsel),
for defendant Hunt.

BUTZEL, J. Plaintiff attempted to purchase some
lands in Oakland county under an agreement, the

terms of which were indefinite and incomplete. We held in *Lippman* v. *Featherston,* 247 Mich. 153, that the minds of the parties had never fully met, and the agreement was void. Prior to the litigation, while negotiations were still pending to settle the differences arising out of the incomplete agreement, plaintiff, through his agent and office associate Ver Wiebe, sent for defendants Bostwick and Teets, who were partly instrumental in securing the purchase of the property for plaintiff. Defendant Hunt was plaintiff's agent in purchasing the lands, and defendants Bostwick and Teets were assisting Hunt. The affidavit of merits of defendant Hunt, hereinafter referred to, shows that defendants Bostwick and Teets were friends of plaintiff and were importuning him for their share of the commission at a time when it looked as if the deal would be consummated. Plaintiff was, therefore, willing to pay defendants Bostwick and Teets each one-third of the entire commission in accordance with the arrangement between all three defendants. Plaintiff was in Europe when Ver Wiebe paid to defendants Bostwick and Teets each the sum of $972.36. Ver Wiebe exacted from each of them a receipt in which the following words appeared:

"In event deal referred to in receipt signed by Malcolm Hunt is not consummated, this money is to be returned to Harry J. Lippman or E. W. Ver Wiebe by P. A. Teets and James W. Bostwick.
"(Signed)     P. A. Teets,
"James Bostwick."

Defendant Hunt, as the main agent, was also asked to receipt for the $1,944.72 thus paid to the other two defendants. Hunt did not receive or claim any part of his one-third of the total commission, as he was willing to wait until the deal was consum-

mated. Hunt, however, insisted before delivering the receipt that the following words be written in the receipt under his signature:

"*In re* the event the deal is not consummated there shall be no action taken by Harry J. Lippman or W. W. Ver Wiebe or their heirs or assigns to recover the above $1,944.72, now paid to Malcolm Hunt."

These words appear on the receipt under defendant Hunt's signature, but a line has been run through them, so that it would appear that the words were deleted.

After the case of *Lippman* v. *Featherston, supra,* had been decided, and it was definitely determined that no sale had taken place, plaintiff brought suit against all three defendants to recover the $1,944.72 paid defendants Teets and Bostwick. Each of the defendants pleaded the general issue. Plaintiff thereupon made a motion in proper form for a summary judgment. Each of the defendants filed an affidavit of merits. Defendant Hunt in his affidavit swore that he was unwilling to give the receipt unless the underwriting under his signature be inserted in the receipt, and that said underwriting was deleted without his knowledge or consent and at some time subsequent to the delivery of the receipt. This raised a question of fact for the jury. The other defendants also set forth in their affidavits of merit other defenses including the fact that the face of plaintiff's pleadings plainly showed that in no event could he recover a judgment in the amount of $1,944.72 against either of them. All three affidavits of merit were in proper form.

The judge denied plaintiff's motion for a summary judgment, and further permitted each of the

defendants to set forth their defenses in notices of special defense which were duly filed. Plaintiff is reviewing the order of the circuit judge by writ of error. The action of the circuit judge in denying the motion for summary judgment and permitting the defendants to file notices of their special defenses was proper. When questions of fact are raised in affidavits of merits filed in answer to a motion for summary judgment, it is proper for a circuit judge to deny the motion and leave the questions of fact to a jury.

If this record entitled the appellant to any relief, it should have been obtained by mandamus, not by writ of error. We have considered the question presented as here on application for mandamus.

The writ is denied, with costs to the appellees.

NORTH, C. J., and FEAD, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.