[Civ. No. 9998. Fourth Dist., Div. One. Feb. 16, 1970.]

BANK OF AMERICA, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
VICTOR A. KRISCHE, Real Party in Interest.

## COUNSEL

Robert H. Fabian, Harris B. Taylor, Charles R. Gustafson, Richard C. Herr, Paul H. Johnson, Burton V. McCullough and Robert E. Weiner for Petitioner.

No appearance for Respondent.

Burton Shamsky and Robert Grosz for Real Party in Interest.

## OPINION

**WHELAN, J.**—Petitioner Bank of America National Trust and Savings Association (Bank) made a motion for summary judgment against the real party in interest, Victor A. Krische (Krische), in action #313210 in which Bank is plaintiff and Krische is defendant. The motion was heard and denied by the superior court on October 22, 1969.

The issues to be resolved are whether Bank's motion should have been

granted; if so, whether it was an abuse of judicial discretion to deny it; if so, whether mandamus is an appropriate remedy to correct that abuse.

### The Record Before the Superior Court on the Hearing of the Motion

The action was upon a note for $5,138, dated January 9, 1967, the only parties to which were Krische as maker and Bank as payee.

Krische's answer admitted he made, executed and delivered to Bank the note sued upon; a special defense alleged that Krische on April 22, 1965 had solicited Bank to lend $4,000 to Solana Investment Company, Inc. (Solana); that Krische, although acting as agent for Solana, was not an officer thereof, which facts were known to Bank; that a cashier's check for $4,000 was issued by Bank in favor of Solana; that Krische and his wife executed a note for that amount in favor of Bank, no one else being a party to the note; that on January 9, 1967, upon demand of Bank for payment and the subsequent failure of Solana to pay the note of April 22, 1965, defendant executed the note of January 9, 1967 upon Bank's agreement that the note was to be the debt of Solana.

The affidavit in support of the motion for summary judgment showed that Bank continued to be the owner of the note sued upon and that no payments had been made on the note which was payable on demand, or, if no demand were made, on March 10, 1967.

The affidavit of Krische in opposition to the motion alleged in part:

"2. That at the time of the execution of that certain note dated April 22, 1965, in the amount of $4,000.00 executed by Victor A. Krische and Josephine L. Krische to Bank of America National Trust and Savings Association as payee, the Bank through its loan officer, was informed of the fact that the proceeds for which said note was given was for the benefit of and was the obligation of Solana Investment Co., Inc.;

"3. That said loan officer deposited the draft representing said proceeds in the account of Solana Investment Co., Inc. at Sentinel Savings and Loan;

"4. That neither Victor A. Krische nor Josephine L. Krische were at that time officers of said corporation.

"5. That it was the intent of both the plaintiff and defendant that defendant and his wife Josephine L. Krische were accommodation parties for Solana Investment Co. Inc. on said note;

"6. That the note upon which this action is brought is a renewal of the aforesaid obligation;

"7. That VICTOR A. KRISCHE retained his accommodation status by virtue of said renewal;

"8. That plaintiff must first pursue its remedies against the principal party before bringing its action vs. the defendant herein; and

"9. That defendant received no consideration for said accommodation."

■ *Was Krische an accommodation maker within the meaning of Commercial Code, section 3415?*

No. Krische argues he is entitled to the defenses available to a surety under section 3415, subdivision (3), Commercial Code, against one not a holder in due course and who has notice of the accommodation status.

Section 3415 defines an accommodation party as follows: "An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it."

The only parties to the paper were Krische and Bank. While there have been cases in which the maker of a note has made it for the accommodation of the payee (*First Nat. Bank* v. *Reed,* 198 Cal. 252 [244 P. 368]; *Lepori* v. *Hilson,* 109 Cal.App. 295 [293 P. 86]), no such contention is made here.

The claim here is that the person accommodated was a person who was not a party to the paper. Indeed, the affidavit of Krische is wholly consistent with there having been no contractual relation between Bank and Solana.

Under the definition of the statute which he cites, Krische was not an accommodation party.

As far as the first note is concerned, Krische, Mrs. Krische and Bank were the only parties. Solana again was not a party to it.

■ *Was there consideration for the note?*

Yes. Krische's affidavit states he received no consideration. He may confuse a lack of consideration sufficient to support a contract and the fact of not receiving the proceeds of the note.

■ To constitute consideration it is not necessary that anything of value pass from the payee to the maker. (*Rohrbacher* v. *Aitken,* 145 Cal. 485 [78 P. 1054]; *Bank of America etc. Assn.* v. *Goldstein,* 25 Cal.App.2d 37, 42 [76 P.2d 545]; *Warren Nat. Bank* v. *Suerken,* 45 Cal.App. 736 [188 P. 613]; *Dunlap* v. *Sunset Lbr. Co.,* 26 Cal.App. 131 [146 P. 53]; *Keating* v. *Morrissey,* 6 Cal.App. 163 [91 P. 677]; *Seth* v. *Lew Hing,* 125 Cal.App. 729, 734-736 [14 P.2d 537, 15 P.2d 190].)

■ In that respect the law as to commercial paper is that of contracts generally. Consideration may be given to the promissor or to some other person. (Rest., Contracts § 75; *Meyers* v. *McKillop,* 37 Cal.App. 144 [173 P. 773].)

■ Whatever defense may be available to an accommodation party arising under the law of suretyship is based upon the fact that he is not the principal obligor; evidence that the proceeds of a loan for which a note might be given was wholly paid to another party to a note is evidence bearing upon the question whether a signer is an accommodation party.

■ Former section 3110 of the Civil Code did not in terms say that the person accommodated must be a party to the paper, nor did the negotiable instruments law, as interpreted in certain jurisdictions. The language of section 3415, Commercial Code, which has replaced the Civil Code section, does make such a limitation.

Logic favors such a limitation. ■ A written promise to pay with only one signer, intended only as a contract of suretyship or guaranty with regard to a separate contract of another person with an obligation possibly different as to the date when due, and as to the period of limitations, and certainly different as to the evidence to prove the contract, had much better say on its face what it is.

■ *Was there any issue of fact to be decided?*

No. Conceding that the loan proceeds were paid to Solana for some reason or purpose of Krische that is undisclosed, the latter's obligation was to pay the note according to its terms. It is immaterial whether Solana had a separate obligation to Bank or whether Solana's sole contractual relation was with Krische, either of which might be true.

No triable issue of fact was presented in opposition to the motion for summary judgment. There was no room for the exercise of the court's discretion to deny the motion.

■ *Is mandamus an available remedy to correct an abuse of discretion in the denial of a motion for summary judgment?*

Yes. Krische states he raises no issue as to Bank's right to the writ of mandate if there was no triable issue of fact. The question touches upon the court's jurisdiction which cannot be conferred by consent.

Where a motion for summary judgment is granted, the party against whom it is granted has an immediate right of appeal from the summary judgment. (Code Civ. Proc., § 437c.)

The litigant whose motion has been denied has a direct appeal only from the judgment following trial if he is unsuccessful there.

It has been held that a defendant whose motion for summary judgment has been denied when such denial was an abuse of the court's discretion may obtain a writ of prohibition against a trial of the action. (*State of California v. Superior Court*, 263 Cal.App.2d 396 [69 Cal.Rptr. 683].)

The plaintiff whose motion has been denied should have, if possible, equally with those others, a speedy and adequate remedy. Mandamus is a possible remedy.

 The purpose of the summary judgment procedure is to provide a speedy remedy against fictitious causes of action and defenses; a denial of that remedy when it should as a matter of law have been granted should open the door to an equally speedy review of the matter.

Courts of two sister states have held mandamus to be a proper remedy in that situation (*Dzack* v. *Marshall*, 80 Nev. 345 [393 P.2d 610]; *Lippman* v. *Hunt*,[1] 249 Mich. 86 [227 N.W. 668]; 15 A.L.R.3d 899.) The contrary was held in *State* v. *Walinski*, 88 Ohio St.2d 23 [222 N.E.2d 312].

In *State of California* v. *Superior Court*, *supra*, 263 Cal.App.2d 396, 398, the court, discussing the propriety of granting a writ of prohibition, said: "[T]here is no appeal from a denial of summary judgment (*Bricklayers & Masons Union No. 1* v. *Superior Court*, 216 Cal.App.2d 578, 582 [31 Cal.Rptr. 115]), and thus, the petition here may also be justified on the ground that 'there is not a plain, speedy, and adequate remedy in the ordinary course of law' (Code Civ. Proc., § 1103; *Harden* v. *Superior Court*, 44 Cal.2d 630, 634 [284 P.2d 9]; 3 Witkin, Cal. Procedure (1954) § 36, p. 2510)."

The statute (Code Civ. Proc., § 1103) referred to in *State of California* v. *Superior Court*, *supra*, 263 Cal.App.2d 396, provides: "It [prohibition] may be issued . . . in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law . . ."

The corresponding statute dealing with mandate (Code Civ. Proc., § 1086) is very similar, except the latter provides for mandatory issuance of the writ in such cases.

In *Kaiser Foundation Hospitals* v. *Superior Court*, 254 Cal.App.2d 327 [62 Cal.Rptr. 330], a writ of mandate was denied, not upon the ground that mandamus was not an available remedy, but upon the merits.[2]

---

[1]In *Lippman* v. *Hunt*, 249 Mich. 86 [227 N.W. 668], the Michigan court denied the petition on the merits.

[2]In *Whitney's at the Beach* v. *Superior Court*, 3 Cal.App.3d 258 [83 Cal.Rptr. 237],

██ Mandate will sometimes be issued to correct an abuse of discretion that has resulted in a nonappealable order. (*Carter* v. *Superior Court,* 142 Cal.App.2d 350, 359 [298 P.2d 598].)

We conclude that if a plaintiff in the situation of Bank is to have a remedy as speedy as that of the party against whom a summary judgment has been granted or of the defendant whose motion for summary judgment has been denied, mandate is that remedy.

*Let a peremptory writ issue that the respondent superior court set aside its order denying Bank's motion for summary judgment dated October 22, 1969, and grant said motion and enter judgment pursuant to such order granting the motion.*

Coughlin, Acting P. J., and Ault, J., concurred.

---

decided January 6, 1970, by the Court of Appeal, a peremptory writ was granted directing the entry of a summary judgment. The decision is not yet final.