**WYOMING INSURANCE DEPARTMENT, Appellant (Plaintiff),**

v.

**SIERRA LIFE INSURANCE COMPANY, Appellee (Defendant).**

No. 5069.

Supreme Court of Wyoming.

Sept. 10, 1979.

Rehearing Denied Oct. 25, 1979.

John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Bob R. Bullock, Senior Asst. Atty. Gen., Cheyenne, for appellant (plaintiff).

Glenn Parker of Hirst & Applegate, Cheyenne, for appellee (defendant).

Before RAPER, C. J., McCLINTOCK, THOMAS and ROSE, JJ., and GUTHRIE, J., Retired.*

McCLINTOCK, Justice.

The question presented by this appeal is whether the trial judge properly dismissed a complaint with prejudice pursuant to a Rule 12(b)(6), W.R.C.P., motion. We find that the dismissal of the case amounted to a summary judgment, and that the granting of summary judgment was improper.

The Wyoming Insurance Department filed suit against Sierra Life Insurance Company, an Idaho corporation authorized to do business in Wyoming. Plaintiff alleges the following: (1) Defendant violated § 26–2–120, W.S.1977, when it refused to allow an examination of its business by a Wyoming examiner. (2) Defendant has failed to reimburse the state for expenses incurred by the examiner who was sent to defendant's home office to conduct a financial examination in accordance with § 26–2–122, W.S.1977. (3) Defendant violated the provisions set forth under the Wyoming Insurance Code and civil penalties should be granted in accordance with § 26–1–115(b), W.S.1977. (4) Defendant has failed to pay

premium taxes for 1976 and 1977 in violation of § 26–4–103, W.S.1977.

The complaint was filed on March 16, 1978. On March 31, 1978, Sierra Life Insurance Company moved the court to dismiss the state's complaint pursuant to Rule 12(b), W.R.C.P., and a hearing was held on the motion to dismiss on November 2, 1978. The state failed to appear at the hearing. On November 6, 1978, the district court entered an order dismissing the complaint. In this order, the trial judge stated that he had "examined the files."

Plaintiff argues that the motion to dismiss should not have been granted because the complaint states a claim upon which relief may be granted, and that the trial court abused its discretion in dismissing the complaint with prejudice. We do not agree with plaintiff's interpretation of the issues. We are of the opinion that the dispositive question is whether the court properly disposed of the case upon summary judgment.

■ The Federal Rules of Civil Procedure served as a model for our own rules of civil procedure. Rule 12(b)(6), W.R.C.P., supra, and the last sentence of Rule 12(b), W.R.C.P., are identical to the federal rules. The original version of Rule 12(b) of the Federal Rules of Civil Procedure did not contain the last sentence. The last sentence was added in 1948 to resolve a controversy as to whether it was proper to introduce evidence in addition to the complaint on a Rule 12(b)(6) motion. Advisory Committee Note to the 1948 Amendment to Rule 12(b), F.R.C.P.; Wright & Miller, Federal Practice and Procedure: Civil § 1355.

The last sentence of Rule 12(b) provides: "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and

* ROONEY, J., having recused himself from participation in this case, GUTHRIE, J., Retired, was assigned, having been retained in active judicial service pursuant to § 5, Art. 5, Wyoming Constitution and § 5–1–106(f), W.S.1977, by order of the court entered on January 1, 1979.

disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

In *School Districts Nos. 2, 3, 6, 9, and 10 v. Cook,* Wyo., 424 P.2d 751, 754 (1967), we held that if a court, pursuant to a Rule 12(b) motion, reviews material in addition to the complaint, this court will treat the motion as one of summary judgment. In the present case, the trial judge in arriving at his decision considered an order issued by the First Judicial District in the County of Santa Fe, New Mexico (SF 77–15556). This order was not part of the pleadings. We will, therefore, review the trial court's order dismissing the complaint in light of Rule 56, W.R.C.P.

We have long held that summary judgment should not be granted where there is an issue of fact or when inquiry into the facts is necessary to clarify application of the law. *Forbes Company, Inc. v. MacNeel,* Wyo., 382 P.2d 56, 57 (1963). In viewing the evidence considered by the trial judge, we must view it in the light most favorable to the party opposing the motion. *Cantonwine v. Fehling,* Wyo., 582 P.2d 592 (1978).

The order states that the New Mexico court order was "misconceived" by the plaintiff and that in fact the defendant does not owe the state of Wyoming money for premium taxes. The court, however, fails to make findings concerning the other three matters raised by the state in its complaint.

The New Mexico court order states:

"A. * * * [S]ubscription agreements entered into between Sierra and Sandia, dated December 26, 1975, * * * are hereby adjudged and declared to be rescinded and of no further force and effect, and that pursuant to this Order all assets of Sandia shall become by lawful distribution the assets of Sierra and the liabilities and insurance in force of Sandia shall become the liabilities and insurance in force of Sierra, with the said insurance in force deemed to have remained insured by Sierra retroactively from 11:59 p. m. on December 31, 1975 * * *.

"B. * * * That further, Sierra shall assume *ipso facto,* upon the entering of this Order, all obligations, past, present and future, to all policyholders and creditors of Sandia, holding Sandia harmless from the same * * *."

The state contends that the order declares that Sierra is liable for Sandia's past, present and future obligations. Therefore, Sierra's liability for past premium taxes is a question of fact that is properly before the district court. We agree with plaintiff's interpretation of the New Mexico court order. Likewise the other three issues raised by the state in its complaint are factual.

Defendant further contends that the plaintiff has failed to preserve its objection for appeal. In support of this argument, defendant points to the fact that the state did not object to the trial court's order, nor did it file a motion under Rule 60(b), W.R. C.P. requesting relief. While we do not deny that this court has long held that an objection must be raised at the trial level before we will consider the issue, this rule is not applicable to the case at bar. Nor do we find from the language of the district court's order that the judgment was a default judgment even though the state failed to appear at the hearing.

In *Robison v. Sales and Use Tax Division, State Tax Commission,* Wyo., 524 P.2d 82 (1974), we held that a default judgment cannot be appealed until the complaining party has first moved to set aside the judgment pursuant to Rule 60(b), W.R. C.P. A default judgment is a harsh remedy that denies the complainant the opportunity to have his case decided upon the merits. It is entered, not because the cause of action is deficient, but rather because of a lack of diligence on the part of counsel. Summary judgment, on the other hand, requires that the court consider the merits of the cause of action. We, therefore, find that after summary judgment is granted and an order filed the judgment is final and appealable. No subsequent motion under Rule 60(b)

W.R.C.P., is required. Rule 1.05 WRAP; *Bank of America National T. & S. Ass'n v. Superior Court,* 4 Cal.App.3d 435, 84 Cal. Rptr. 421, 424 (1970).

Finally, Sierra raises the issue that the state is barred from bringing suit against Sierra because of an injunction that was issued by the district court on March 22, 1976. The injunction states:

"4. John T. Langdon, Wyoming Insurance Commissioner, hereby is enjoined from instituting, continuing, participating in or allowing members of his staff to participate in proceedings of any nature against Sierra Life Insurance Company during the pendency of this Petition For Review unless and until he has received the written authority of this Court to do otherwise. * * * "

█ Although a copy of the injunction was attached to defendant's motion to dismiss, the district court did not rely on the injunction in granting summary judgment. However, in reviewing a summary judgment we have the same obligation as that of the trial judge. And we must review the entire record that is before us. *Seay v. Vialpando,* Wyo., 567 P.2d 285, 287 (1977).

█ The injunction referred to by the defendant was in effect at the time that the present action was filed. An order granting permission for the state to bring the present action was never entered. However, after the present action was filed the trial judge did have a conversation in chambers with the state's attorney concerning the propriety of the present action. Apparently the trial judge indicated at that time that he did not feel that the case at bar violated the injunction because Sierra was collecting on insurance policies within the state and, therefore, Sierra owed taxes to the state. We agree. The state confirmed this conversation in a letter to the trial judge. The trial judge acknowledged receipt of this confirmation letter, and subsequently sent copies of both letters to the plaintiff. The trial judge who issued the injunction was also the judge who entered the order dismissing the present case.

Injunctive relief is an extraordinary remedy that must be granted with caution. *Simpson v. Petroleum, Inc.,* Wyo., 548 P.2d 1, 3 (1976). In view of the facts that the trial judge indicated that the present suit was not barred by the injunction, and the injunction was not discussed in the order dismissing the case, we find that the injunction is not applicable. We, therefore, reverse and remand this case for further proceedings.

### ORDER DENYING REHEARING

FOR THE COURT.

Appellee Sierra Life Insurance Company has filed herein its petition for rehearing, asserting that the opinion of this Court, holding that summary judgment was improperly granted in said case, was itself guilty of considering, discussing and deciding factual matters not properly reviewable in an appeal from a summary judgment. The factual decisions so claimed to have been improperly made are not set forth, but it was not the intent of this Court to reach, and the opinion should not be construed as reaching, any decision upon factual matters, all of such factual questions being within the province of the trial court after a trial upon the issues.

Therefore, after full consideration,

IT IS ORDERED that appellee's Application for Rehearing is denied.

Reversed and remanded.