Filed 2/11/21  Northcott v. South Pasadena Unified etc. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| ROSA NORTHCOTT,<br><br>     Plaintiff and Appellant,<br><br>          v.<br><br>SOUTH PASADENA UNIFIED SCHOOL DISTRICT,<br><br>     Defendant and Respondent. | B301025<br><br>(Los Angeles County<br>Super. Ct. No. BC672531) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura Seigle, Judge.  Affirmed.

Raymond Ghermezian for Plaintiff and Appellant.

Bordin Semmer, Joshua D. Bordin-Wosk, Christopher M. Blanchard, and Justin Spearman for Defendant and Respondent.

————————————————————

# INTRODUCTION

After slipping and falling on loose rocks as she walked across a street to reach an elementary school in South Pasadena, Rosa Northcott sued the South Pasadena Unified School District under Government Code section 835[1] for maintaining a dangerous condition of its property. She appeals from the judgment entered after the trial court granted the District's motion for summary judgment. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In August 2017 Northcott filed this action against the District and other public entities who are not parties to this appeal, asserting causes of action for maintaining a dangerous condition of public property (§ 835), vicarious liability for the wrongful acts or omissions of a public entity employee (§ 815.2), and public entity employee liability for a dangerous condition of public property (§ 840.2). Northcott alleged she suffered an injury from a "trip hazard" on the premises of an elementary school in South Pasadena.

The District moved for summary judgment on the grounds it did not own or control the property on which Northcott suffered her injury and did not have actual or constructive notice of the alleged dangerous condition. The District cited Northcott's deposition testimony that she suffered her injury while crossing a street immediately adjacent to school property. Northcott testified that, after parking her car on the opposite side of the

---

[1] Undesignated statutory references are to the Government Code.

2

street from the school, she was walking across the street, toward a driveway on school property that led to a gate where she intended to pick up children, when she slipped on "tiny rocks" on the surface of the street and landed on her elbow. This occurred near where the District had placed several orange cones at the edge of the street to keep vehicles from entering the driveway. Northcott testified she had walked across the street "hundreds of times," never complained to the school of a dangerous condition, and did not believe she was in any danger of falling before the accident occurred.

The District also presented the deposition testimony and declaration of David Lubs, an assistant superintendent who oversaw maintenance for the District, who stated the place Northcott slipped and fell was not on school grounds, but in the street, which the District did not own or control. According to Lubs, the City of South Pasadena or the County of Los Angeles owned and controlled the street where Northcott fell. Lubs stated the District had never received any communication from the city regarding the condition of the street there. He also stated the District "has never received any notices or complaints from anyone relating to the sidewalk and/or street outside of the [school]" and "is unaware of any prior trip and falls in the same location as [Northcott's] fall in the ten (10) years prior to the incident."

In opposing the motion, Northcott agreed the accident occurred in the street, but disputed the District's claims that it did not own or control that area and that it had no actual or constructive notice of the dangerous condition. In disputing the former claim, Northcott cited the presence of the orange cones near the spot where she fell. In disputing both claims she cited

3

statements from the declaration of her expert, a "Certified Playground Safety Inspector," that the area where Northcott fell was "an unsafe and dangerous condition because there was deteriorated and deteriorating asphalt which created a pooling of debris, rocks and soil"; that "Defendant's personnel were obligated to inspect the subject area," and "[h]ad they done so, they would have seen the deteriorated and deteriorating asphalt"; and that "[i]t is common industry practice in safety engineering to remove such hazards from foreseeable walkways."

The trial court granted the motion, ruling the District "established it had no ownership, control, or possession of the public street and therefore no duty to Plaintiff to maintain the public street in a safe condition." The court did not reach the issue of whether the District had actual or constructive notice of the alleged dangerous condition. The court also sustained a number of objections by the District to statements by Northcott's expert—for example, the statement that "Defendant has a responsibility to maintain the areas they obstructed [with the orange cones] and the areas they allowed as pick-up areas[,] and as such, Defendant's personnel were obligated to inspect the subject area"—on the ground they were legal conclusions the "expert has no particular expertise in reaching . . . ." Northcott timely appealed from the judgment.

4

## DISCUSSION

A.    *Applicable Law and Standard of Review*

"A motion for summary judgment or summary adjudication is properly granted only when 'all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (*Husman v. Toyota Motor Credit Corp.* (2017) 12 Cal.App.5th 1168, 1179; see *Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618.)  A defendant moving for summary adjudication has the initial burden of making a prima facie showing ""'that the cause of action lacks merit because one or more elements of the cause of action cannot be established or there is a complete defense to that cause of action.'"" (*Noe v. Superior Court* (2015) 237 Cal.App.4th 316, 326; see *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 853-854.)  ""'A prima facie showing is one that is sufficient to support the position of the party in question.'"" (*Noe*, at p. 325; see *Aguilar*, at p. 851.)

To show that a cause of action lacks merit "a defendant must present evidence that either 'conclusively negate[s] an element of the plaintiff's cause of action' or 'show[s] that the plaintiff does not possess, and cannot reasonably obtain,' evidence necessary to establish at least one element of [its] cause of action.  [Citation.]  Once the defendant satisfies its initial burden, 'the burden shifts to the plaintiff . . . to show that a triable issue of one or more material facts exists as to the cause of action or a defense thereto.'" (*Henderson v. Equilon Enterprises, LLC* (2019) 40 Cal.App.5th 1111, 1116; see Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co.*, *supra*, 25 Cal.4th at pp. 849, 853-854.)  "There is a triable issue of

5

material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar*, at p. 850.)

We review de novo an order granting or denying a motion for summary adjudication or summary judgment. (*Jacks v. City of Santa Barbara* (2017) 3 Cal.5th 248, 273 [summary adjudication]; *Aguilar v. Atlantic Richfield Co.*, *supra*, 25 Cal.4th at p. 860 [summary judgment].) In doing so, we consider "'''''all the evidence set forth in the moving and opposing papers except that to which objections were made and sustained.'" [Citation.] We liberally construe the evidence in support of the party opposing summary judgment [or summary adjudication] and resolve doubts concerning the evidence in favor of that party.''''" (*Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 347.)

### B. *The Trial Court Did Not Err in Granting the Motion for Summary Judgment*

Northcott appeals the trial court's ruling only on her cause of action under section 835 for maintaining a dangerous condition of its property. "Under section 835, a public entity . . . is 'liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and [that]: [¶] . . . [¶] (b) [t]he public entity had actual or constructive notice of the dangerous condition under [s]ection 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous

condition.'" (*Bonanno v. Central Contra Costa Transit Authority* (2003) 30 Cal.4th 139, 146, quoting § 835; accord, *Gonzales v. City of Atwater* (2016) 6 Cal.App.5th 929, 945.) "[P]art of the plaintiff's burden in an action under section 835 is, of course, to show that the public entity owned or controlled the property subject to the dangerous condition." (*Bonanno*, at p. 147.)

Northcott maintains the trial court erred in finding there was no triable issue of material fact regarding whether the District owned or controlled the property with the alleged dangerous condition because the court, in essence, misunderstood what she was alleging the dangerous condition was. She emphasizes the dangerous condition was in fact the school's gate, specifically, its location in relation to the patch of tiny rocks in the street. (See *Joyce v. Simi Valley Unified School Dist.* (2003) 110 Cal.App.4th 292, 300 [where a motorist struck a student in the crosswalk of a busy street near an open school yard gate, the open gate was a dangerous condition of public property].) The District responds to what it calls Northcott's "school-gate-as-dangerous-condition theory" on its merits and on the ground she forfeited it "because she did not plead it or raise it" in the trial court. We need not reach its merits or the question of forfeiture, however, because Northcott did not raise a triable issue of material fact on the District's (lack of) actual or constructive notice of the alleged dangerous condition. (See *Hooked Media Group, Inc. v. Apple Inc.* (2020) 55 Cal.App.5th 323, 336, fn. 1 [although Code of Civil Procedure section 437c, subdivision (m)(2), provides that,"[b]efore a reviewing court affirms an order granting summary judgment or summary adjudication on a ground not relied upon by the trial court, the reviewing court shall afford the parties an opportunity to present

7

their views on the issue by submitting supplemental briefs," supplemental briefing is not required where the parties have already briefed the issue]; *Sharufa v. Festival Fun Parks, LLC* (2020) 49 Cal.App.5th 493, 501, fn. 2 ["we can affirm on a ground not reached by the trial court so long as the parties have been provided an opportunity to brief the issue"]; *Goddard v. Department of Fish & Wildlife* (2015) 243 Cal.App.4th 350, 359, fn. 5 [supplemental briefing is not required under Code of Civil Procedure section 437c, subdivision (m)(2), where the parties have addressed the issue in their briefs].)

Under section 835.2, subdivision (a), a public entity has actual notice of a dangerous condition "if it had actual knowledge of the existence of the condition and knew or should have known of its dangerous character." "'Constructive notice,' under section 835.2, subdivision (b), requires a plaintiff to establish that the dangerous condition existed for such a period of time and was of such an obvious nature that the public entity, in the exercise of due care, should have discovered the condition and its dangerous character." (*Heskel v. City of San Diego* (2014) 227 Cal.App.4th 313, 317.) Thus, a "claim for constructive notice has two threshold elements. [Citation.] A plaintiff must establish that the dangerous condition has existed for a sufficient period of time and that the dangerous condition was obvious." (*Id.* at p. 320.) "Where the plaintiff fails to present direct or circumstantial evidence as to either element, his [or her] claim is deficient as a matter of law." (*Id.* at p. 317.)

Northcott does not dispute the District made a prima facie showing it did not have actual or constructive notice of the alleged dangerous condition by presenting evidence it had never received any communications about the condition of the street

8

where she fell and did not have the obligation or the ability "to maintain, repair, or inspect" that area of the street.  She argues, however, she raised a triable issue of material fact on the question of notice by presenting evidence the District "should have known of the dangerous condition."  She cites these statements by her expert:  "Defendant's personnel were obligated to inspect the subject area.  Had they done so, they would have seen the deteriorated and deteriorating asphalt which created an unsafe and dangerous condition for adults and/or students. . . . One of Defendant's employees had to open/close the gate at least twice daily to let adults and/or children enter and/or leave the school."

Northcott does not argue that these statements or any other evidence tends to prove the District "had actual knowledge" there was a patch of tiny rocks in the street en route to the school gate—a requirement for establishing actual notice.  (See *State v. Superior Court of San Mateo County* (1968) 263 Cal.App.2d 396, 399-400 [no actual notice under section 835.2 where there was no evidence state employees knew the hot coals that burned a child had been left on the beach].)  And nothing in those statements provides evidence of how long the alleged dangerous condition existed prior to her fall, let alone evidence the condition existed a sufficient time for the District to discover it and its dangerous character—as required to establish constructive notice.  (See *State v. Superior Court,* at p. 400 ["The primary and indispensable element of constructive notice is a showing that the *obvious condition existed a sufficient period of time before the accident.*"]; *Cheyney v. City of Los Angeles* (1953) 119 Cal.App.2d 75, 77 [affirming nonsuit on lack of constructive notice where

9

there was "no evidence that the alleged defective condition was either conspicuous or notorious or as to how long it had existed"].)

Northcott suggests the District "admits that it did not have an inspection system and therefore cannot claim it lacked constructive notice." But she does not cite any legal authority for the latter part of this statement. Moreover, the adequacy of a public entity's inspection system is a "secondary" consideration in determining whether it had constructive notice of a dangerous condition. (*State v. Superior Court of San Mateo County*, *supra*, 263 Cal.App.2d at p. 400; *Strongman v. Kern County* (1967) 255 Cal.App.2d 308, 313.) As the court explained in *State v. Superior Court of San Mateo County*: "In the instant case, it can be validly argued that there was a triable issue on the question of inspection, but in determining whether there is constructive notice, the method of inspection has been held to be secondary. The primary and indispensable element of constructive notice is a showing that the obvious condition existed a sufficient period of time before the accident. [Citation.] Here, there was no evidence (direct or circumstantial) that the danger . . . had existed for any particular length of time before the accident. Thus, we hold, as a matter of law, that the requirements of constructive notice, as defined in [section] 835.2, subdivision (b), were not met." (*State v. Superior Court*, at p. 400, italics omitted.) Because Northcott has not demonstrated there was a triable issue of material fact on the question of notice, she has not shown the trial court erred in granting the motion for summary judgment.[2]

---

[2]    Northcott also contends the trial court erred in sustaining the District's objections to statements in the declaration of her expert. Because our analysis does not rely on those rulings, we do not reach that issue.

## DISPOSITION

The judgment is affirmed.  The District is to recover its costs on appeal.


SEGAL, J.


We concur:


PERLUSS, P. J.


FEUER, J.

11