Filed 6/13/14; pub. order 6/23/14 (see end of opn.)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MENAHEM HESKEL, | D062186 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2010-00100268-CU-PA-CTL) |
| CITY OF SAN DIEGO, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy B. Taylor, Judge. Affirmed.

Michael A. Feldman for Plaintiff and Appellant.

Jan I. Goldsmith, City Attorney, Andrew Jones, Executive Assistant City Attorney, Jennifer K. Gilman and Stacy J. Plotkin-Wolff, Deputy City Attorneys, for Defendant and Respondent.

Menahem Heskel (Heskel) sued the City of San Diego (City), claiming he suffered personal injury from a dangerous condition of public property, when he tripped over a protruding base of a hollows metal post (condition) cemented into a city sidewalk. (Gov. Code, § 835); all statutory references are to the Government Code unless otherwise

noted.)  The trial court granted the City's motion for summary judgment, finding, as a matter of law, the City lacked constructive notice of a dangerous condition.  (Code Civ. Proc., § 437c.)

On appeal, Heskel contends the trial court erred because triable issues of fact remain about whether the City had constructive notice of the condition, based solely on the length of time it was present.  We disagree.  Because Heskel failed to present any evidence that the condition was obvious such that the City, in the exercise of due care, should have become aware of it, his claim must fail as a matter of law, notwithstanding his evidence that the condition was present for over one year before his accident. (§ 835.2, subd. (b).)  We affirm the summary judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Heskel and his son, Danny, went for a walk on the night of September 29, 2009. Father and son traveled on a sidewalk on the south side of Mission Gorge Road between Jackson Street and Echo Dell Road.  Heskel tripped over the condition in the sidewalk, injuring his back and fracturing his left wrist.  Heskel claimed the area was not well lit and there were not any adequate warnings of the condition.

On March 8, 2011, Heskel filed his first amended complaint against the City for the personal injury he sustained.  The City filed a motion for summary judgment, alleging it lacked the requisite actual or constructive notice to be liable.  The City supported its motion with several declarations from City employees, which, taken together, tended to demonstrate that although City workers had been in the area where Heskel fell a few times over the year before the accident (Sept. 29, 2008-Sept. 29, 2009), they did not

2

notice the condition. Neither city workers nor citizens had notified the City about the condition before Heskel's fall.

Heskel produced three declarations in opposition. The first, the declaration of his acquaintance, Natan Dobrovsky, explained that Dobrovsky was familiar with the condition, that Dobrovsky himself had tripped over it "well over one year before [Heskel's] incident occurred," and that in the few months after Heskel's fall, a "No Parking" sign had been inserted into the base.

Danny's declaration explained that he witnessed Heskel trip over the condition and fall on his arm. A few months after the incident, Danny observed that the area around the condition had been painted. Later he saw that a "No Parking" sign had been inserted into the opening at that site.

After filing his opposition papers, Heskel filed a declaration from Heraclio Serrano. The City objected to its untimely submission. The court sustained the objection, but nevertheless considered the declaration in determining whether to grant the City's motion for summary judgment. Serrano explained that he had regularly worked in the area near the condition and that it had been present for "about 2 years" before the sign was inserted into it (sometime in late December 2009 or January 2010). On one occasion during that two-year period, Serrano drove his truck onto the sidewalk and the condition punctured a tire.

Heskel also produced pictures of the condition, which were attached to Danny's declaration but were not formally incorporated by reference. The pictures in the record on appeal are very poor in quality and do not precisely indicate the condition's size or

3

shape.  However, based on the size of the area circled on the pictures in relation to the adjacent curb, the pictures indicate the condition was at most a few inches in height.

On November 21, 2011, the court heard the parties' arguments and granted the City's motion for summary judgment, concluding the City did not have constructive notice of an obvious dangerous condition as a matter of law.  The court entered judgment in the City's favor.  On June 18, 2012, Heskel filed a timely notice of appeal.

DISCUSSION

I

*CRITERIA FOR PROVING CONSTRUCTIVE NOTICE*
*OF A DANGEROUS CONDITION*

Section 835, subdivision (b), states that a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes:  (1) the property was in a dangerous condition at the time of the injury; (2) the plaintiff's injury was proximately caused by the dangerous condition; (3) the dangerous condition created a reasonably foreseeable risk of the kind of injury the plaintiff incurred; *and* (4) the public entity had actual or constructive notice of the dangerous condition for a sufficient time prior to the injury to have taken measures to protect against it.

Heskel does not contend the City had *actual* notice of the condition within the meaning of section 835.2, subdivision (a).  We shall, therefore, confine our analysis to the issue of whether the City had constructive notice.  "Constructive notice," under section 835.2, subdivision (b), requires a plaintiff to establish that the dangerous condition existed for such a period of time and was of such an obvious nature that the

4

public entity, in the exercise of due care, should have discovered the condition and its dangerous character. Admissible evidence for establishing constructive notice is defined by statute as including whether a reasonably adequate inspection system would have informed the public entity, and whether it maintained and operated such an inspection system with due care. (§ 835.2, subd. (b)(1), (2).)

Whether the dangerous condition was obvious and whether it existed for a sufficient period of time are threshold elements to establish a claim of constructive notice. (*State v. Superior Court of San Mateo County* (1968) 263 Cal.App.2d 396, 400.) Where the plaintiff fails to present direct or circumstantial evidence as to either element, his claim is deficient as a matter of law. (*Ibid.*)

In *Carson v. Facilities Development Co.* (1984) 36 Cal.3d 830, 842-843 (*Carson*), the court inferred the obviousness of the alleged dangerous condition of public property from the established circumstances. There, the evidence clearly demonstrated the dangerous condition, a large sign obstructing a public roadway for many months, was substantial enough and so readily apparent from public thoroughfares as to support an inference that its danger was known, for purposes of overcoming a motion for nonsuit. (*Ibid.*)

## II

### *THE CITY'S SHOWING ON ITS MOTION FOR SUMMARY JUDGMENT*

A defendant is entitled to summary judgment on a claim for injury from a dangerous condition as a matter of law when the plaintiff has failed to raise material issues of fact. (Code Civ. Proc., § 437c, subd. (c); *Cole v. Town of Los Gatos* (2012) 205

Cal.App.4th 749, 756 (*Los Gatos*).) The defendant establishes a right to summary judgment by showing the plaintiff "lacks the evidence to sustain one or more elements of the cause of action." (*Ibid*.) The defendant demonstrates the plaintiff lacks evidence by showing the plaintiff bears the burden to prove the specified fact and the plaintiff has "no evidence" with which to carry that burden. (*Ibid.*)

Once the defendant demonstrates the plaintiff's evidence is deficient, the plaintiff may successfully oppose the motion for summary judgment by showing the evidence permits conflicting inferences as to that fact or by presenting additional evidence of its existence. (Code Civ. Proc., § 437c, subds. (c), (p)(1).)

This court reviews grants of summary judgment de novo. (*Montenegro v. City of Bradbury* (2013) 215 Cal.App.4th 924, 928; *Orrick Herrington & Sutcliffe v. Superior Court* (2003) 107 Cal.App.4th 1052, 1056; see also *Buss v. Superior Court* (1997) 16 Cal.4th 35, 60.) We view all the evidence set forth in the moving and opposition papers in the light most favorable to the nonmoving party. (See *Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334.) If there remains no triable issue of fact, we affirm. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 (*Aguilar*).)

Heskel argues that the trial court erred because a reasonable jury could have found the City had constructive notice of the condition, because it was present in its dangerous state for more than one year. However, the City provided several declarations to support its motion for summary judgment, which establish that it did not have such constructive notice of the condition. It showed that City workers had been in the area and did not see

6

the condition within at least the one-year period leading up to Heskel's accident, and this creates a reasonable inference that the condition was not obvious.

City Code Compliance Officer Caryn Hosford explained in her declaration the process by which the City generally becomes aware of dangerous conditions on its streets. Reports or complaints by citizens may be made directly to the City's Streets Division or through the citizen's assistance program (among other divisions). The streets division enters information into its database pertaining to areas that need repairs. Hosford searched her database in January 2010 for any complaints concerning the area where Heskel fell. There were no complaints within the five years preceding the date of Heskel's accident.

Michael C. Fornes, an associate management analyst with the San Diego Police Department, explained in his declaration that he has access to a system that contains information about traffic collision reports. In March 2011 he compiled a list of police officer-initiated activity in the area where Heskel fell. According to Fornes's reports, the police department received no reports of car accidents, vandalism, or other damage resulting in a downed street sign.

Gus Brown, Assistant Deputy Director of the Transportation and Storm Water Division, explained in his declaration that he has access to records of maintenance work performed by City employees on City storm drains. Brown stated there are drainage structures in the area surrounding the site where Heskel fell. Brown searched his records and crew logs and determined that City work crews had reportedly been in the location twice between September 29, 2008 and September 29, 2009. The two reports suggested

7

the workers conducted routine work that did not involve a downed street sign. The workers did not report having seen the condition over which Heskel tripped.

Associate Traffic Engineer Ty Palusky explained in his declaration that he regularly accesses a database of citizen notifications of problems, malfunctions, and requests for improvements pertaining to City traffic controls and devices. In March 2011 Palusky searched his database and found no reports of any damaged or dangerous traffic control devices on either Mission Gorge or Echo Dell Roads.

From the above summaries, we conclude the City has presented substantial evidence that the condition was not obvious and the City was, therefore, entitled to summary judgment. The City successfully shifted the burden to Heskel either to provide evidence that the condition was obvious or to show the existing evidence created a reasonable inference of the condition's obviousness. (See *Los Gatos, supra*, 205 Cal.App.4th at p. 756.)

III

*PLAINTIFF'S OPPOSITION TO CITY'S MOTION FOR SUMMARY JUDGMENT*

A claim for constructive notice has *two* threshold elements. (*State v. Superior Court of San Mateo County*, *supra*, 263 Cal.App.2d at p. 400.) A plaintiff must establish that the dangerous condition has existed for a sufficient period of time and that the dangerous condition was obvious. (*Ibid.*) Dobrovsky's declaration demonstrated the condition existed for more than one year prior to Heskel's fall. Although Dobrovsky had tripped over the condition previously, he did not state he notified the City of the

8

condition. Dobrovsky's declaration did not state how large the condition was or whether it was clearly visible from the surrounding streets.

Danny's declaration also did not describe the size of the structure or how obvious it was from the vantage of public streets. Danny simply explained that he witnessed Heskel's fall and that afterwards he noticed a sign had been inserted into the condition. Through Heskel's admitted evidence, he has provided evidence touching solely on the element of how long the condition was present.

In the Serrano declaration, which Heskel filed late but which the trial court considered, Serrano explained that the structure had been present for two years and, on one occasion in that time period, the condition punctured his tire after he drove his truck onto the sidewalk. Serrano did not explain whether the condition was obvious based either on its size or visibility from the public streets.

Finally, it is unclear by reference to the record what effect Heskel's pictures of the condition had on the trial court's decision. Although the pictures are poor, the size of the circled structure in relation to the curb suggests that it was not substantial or readily apparent from the street. The pictures show a condition that was roughly a few inches in height. Evidence of a condition of that nature, without more, is not a prima facie showing that the condition was obvious. (*Carson*, *supra,* 36 Cal.3d at pp. 842-843.) Unlike in *Carson*, the condition appears to have been slight in size and not similar to a large sign that was clearly visible from a public street that police regularly patrolled. (*Ibid*.) The pictures only support inferences that the structure was not obvious.

While Heskel has supplied evidence that the condition existed for more than one year, he does not substantiate that the dangerous condition was obvious. On appeal, he merely argues, "The condition speaks for itself," as to that element. While his evidence suggests that the condition was above ground and visible, it does not demonstrate that it was of a substantial size or so visible from public thoroughfares that the City, in the exercise of due care, should have become aware of it and taken corrective action to cure it. (§ 835.2, subd. (b); *Carson*, *supra,* 36 Cal.3d at pp. 842-843.)

The City carried its burden to demonstrate Heskel lacked evidence as to the essential element of "obviousness." (§ 835.2, subd. (b); see *Aguilar*, *supra,* 25 Cal.4th at pp. 845-846 [by statute the burden shifts to the plaintiff when, on summary judgment, the defendant establishes the plaintiff lacks evidence to prove an essential element of the claim].) The burden then shifted to Heskel either to show the existing evidence created a reasonable inference that the condition was obvious or to present additional evidence proving that element. (Code Civ. Proc., § 437c, subds. (c), (p)(1).) Because Heskel did neither, the trial court's grant of the City's motion for summary judgment was proper.

DISPOSITION

Summary judgment for the City is affirmed. The parties are to bear their own costs.

HUFFMAN, Acting P. J.

WE CONCUR:

McDONALD, J.

O'ROURKE, J.

11

CERTIFIED FOR PUBLICATION

COURT OF APPEAL - STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION ONE

MENAHEM HESKEL,
Plaintiff and Appellant,
v.
CITY OF SAN DIEGO,
Defendant and Respondent.
**D062186**
**San Diego County No. 37-2010-00100268-CU-PA-CTL**

THE COURT:

The opinion in this case filed June 13, 2014 was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), respondent City of San Diego's request pursuant to California Rules of Court, rule 8.1120(a), for publication is GRANTED.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to Be Published in the Official Reports" appearing on page one of said opinion be deleted and the opinion herein be published in the Official Reports.

__/s/ Huffman_____
Acting Presiding Justice

cc: All Parties

## **AFFIDAVIT OF TRANSMITTAL**

I am a citizen of the United States, over 18 years of age, and not a party to the within action; that my business address is 750 B Street, Suite 300, San Diego, CA 92101; that I served a copy of the attached material in envelopes addressed to those persons noted below.

That said envelopes were sealed and shipping fees fully paid thereon, and thereafter were sent as indicated via the U.S. Postal System from San Diego, CA 92101.

I certify under penalty of perjury that the foregoing is true and correct.

Kevin J. Lane, Clerk


_____                                    Dated:
_____
Deputy Clerk

CASE NUMBER:  D062186

Office of the Clerk                                                          Material Sent YES: _____
San Diego County Superior Court  -  Main
P.O. Box 120128
San Diego, CA 92112



                                                                             Material Sent YES: _____

Michael A. Feldman
2398 San Diego Avenue, Suite B
San Diego, CA 92110


                                                                             Material Sent YES: _____

Jennifer Kay Gilman
Office of the San Diego City Attorney
1200 3rd Ave Ste 1100
San Diego, CA 92101