Filed 1/21/21  Lopez v. City of L.A. CA2/3

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| YOLANDA LOPEZ, | B283804 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC518325) |
| v. | |
| CITY OF LOS ANGELES, | |
| Defendant and Respondent. | |

---

APPEAL from a judgment of the Superior Court of Los Angeles County, Benny C. Osorio, Judge.  Affirmed.

Yolanda Lopez, in pro. per.; and Channa Weiss for Plaintiff and Appellant.

Michael N. Feuer, City Attorney, Kathleen A. Kenealy, Chief Assistant City Attorney, Scott Marcus, Chief Civil Litigation Branch, Blithe S. Bock and Shaun Dabby Jacobs, Deputy City Attorneys, for Defendant and Respondent.

———————————

Yolanda Lopez sued the City of Los Angeles (the City) for premises liability after she tripped on a sidewalk. The City moved for summary judgment. After denying Lopez's request for a continuance, the trial court granted the unopposed motion for summary judgment. Lopez appeals. We affirm.

## BACKGROUND

While walking on a sidewalk in downtown Los Angeles, Lopez tripped on broken decorative tiles and fell, injuring herself. Lopez sued the City for premises liability under theories of negligence, willful failure to warn, and dangerous condition of public property. She alleged that the City failed to maintain an area under its control, thereby allowing a dangerous condition to exist for an unreasonable period of time and over which the City had actual or constructive notice.

The City moved for summary judgment. The City argued that it did not own or control the tiles that caused Lopez's fall and did not have notice of the alleged dangerous condition. To support the motion, the City submitted the declaration of Hugo Valencia, a street services general superintendent for the street maintenance division of the City's Department of Public Works, Bureau of Street Services. He is familiar with asphalt, concrete, construction practices, subsidence, potholes, and the general policies regarding maintenance of the City's sidewalks and roadways. According to Valencia, the City did not remove, maintain, or have control over the tiles where Lopez fell.[1]

The City also submitted the declaration of a City attorney chief investigator stating that he had searched the City's

---

[1] The City submitted photographs of where Lopez fell, but they are unclear.

database for claims regarding the at-issue tiles. Since 1995, which was how far back the database went, the only claim for an incident at that location was the current one filed by Lopez.

Finally, the City submitted a service request reflecting that it did not repair the sidewalk tiles after Lopez fell. At the City's request, the property owner repaired the tiles.

Lopez did not file an opposition to the motion.

The motion was heard on June 26, 2018. At the hearing, Lopez orally requested a continuance, which the trial court denied. Then, citing the City's unopposed evidence, the trial court granted summary judgment in the City's favor. The trial court found no triable issue of material fact that the City did not own or control the alleged dangerous condition and had no notice of the alleged condition.

## CONTENTIONS

Lopez makes two contentions. First, the trial court abused its discretion by denying her request for a continuance. Second, the trial court improperly granted summary judgment because the tiles were a dangerous condition of public property, and the City had notice of the dangerous condition.

## DISCUSSION

I.      Denial of continuance

A court shall continue a summary judgment motion if it appears from affidavits submitted by the opposing party "that facts essential to justify opposition may exist but cannot, for reasons stated, be presented." (Code Civ. Proc., § 437c, subd. (h).) A party seeking a continuance must show that the facts are essential to opposing the motion, there is reason to believe those facts exist, and why additional time is needed to obtain them.

3

(*Cooksey v. Alexakis* (2004) 123 Cal.App.4th 246, 254.)  In the absence of an affidavit making this showing, we review the denial of a request to continue for abuse of discretion.  (*Ibid.*)

We see none here.  Lopez did not submit an affidavit making the requisite showing and instead orally moved to continue the motion for summary judgment.[2]  Lopez proffered no facts essential to oppose the motion and did not explain why they could not be presented.  On appeal, Lopez argues only that the trial court failed to take "the testimony of all available witnesses."  The only reason Lopez proffered in the trial court for the continuance was that she needed to obtain counsel.  However, when Lopez filed her complaint in 2013, she was represented by counsel and remained so until May 2016, when counsel was relieved.  At that time, Lopez stated that she intended to seek new legal representation, and the trial court advised her that the trial setting conference would proceed whether or not she had counsel.  Despite this advisement that matters would proceed, Lopez remained unrepresented at the hearing on the summary judgment motion in June 2017.  The record does not show why Lopez was unable to obtain counsel earlier.  Because Lopez's sole reason for requesting a continuance was not based on a need to obtain facts to justify opposition, the trial court did not abuse its discretion in denying the request.  (See, e.g., *Ponte v. County of Calaveras* (2017) 14 Cal.App.5th 551, 555–556 [failure to file affidavit properly resulted in denial of continuance].)

_____

[2] There is no reporter's transcript of the hearing.  Instead, the trial court prepared a settled statement.

4

II.     Motion for summary judgment

The City moved for summary judgment on two grounds, first, it did not own or control the tiles where Lopez fell and, second, even if it did, it had no notice of the dangerous condition. Because summary judgment was properly granted on the second ground, we do not reach the first.

A trial court properly grants summary judgment when there are no triable issues of material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., §437c, subd. (c).) A defendant who moves for summary judgment has the initial burden to show that one or more elements of the cause of action, even if not separately pleaded, cannot be established or that there is a complete defense to the cause of action. (Code Civ. Proc., § 437c, subds. (a), (p)(2).) If the defendant meets its burden, then the burden shifts to the plaintiff to set forth specific facts showing that a triable issue of material fact exists as to the cause of action. (Code Civ. Proc., § 437c, subd. (p)(2).) A court may grant a defendant's unopposed motion so long as the defendant's evidence overcomes the burden established in the Code of Civil Procedure section 437c, subdivision (*o*)(2). (*Thatcher v. Lucky Stores, Inc.* (2000) 79 Cal.App.4th 1081, 1084–1087.) We review a trial court's summary judgment ruling de novo. (*Delgadillo v. Television Center, Inc.* (2018) 20 Cal.App.5th 1078, 1085.)

A cause of action for premises liability against a public entity is based on statute. (Gov. Code, § 815.) The public entity's ownership or control of the at-issue property is a prerequisite to liability. Public property is property "owned or controlled by the public entity" but "does not include easements, encroachments and other property that are located on the property of the public

5

entity but are not owned or controlled by" it. (Gov. Code, § 830, subd. (c).) We will assume without deciding that the City owned or controlled the sidewalk tiles where Lopez fell.

Even so, a public entity is liable for injury caused by a dangerous condition of its property *if* the public entity had actual or constructive notice of the condition. (Gov. Code, § 835.) Lopez concedes that the City did not have actual notice of the alleged dangerous condition. As for constructive notice, the City submitted evidence that it had no cause to know of the alleged dangerous condition. A database search found no claims regarding the location of Lopez's fall before the fall occurred. Further, the City did not remove, maintain or control the tiles. Instead, when Lopez notified the City of the broken tiles, the City asked the property owner to fix them per Los Angeles Municipal Code section 62.104(b), which provides that the owner of a lot shall maintain any sidewalk. The property owner at the location fixed the tiles. This evidence satisfied the City's burden of showing that an element of Lopez's cause of action could not be established.

To establish a triable issue of material fact, Lopez had to show that the condition existed for "such a period of time and was of such an obvious nature that the public entity, in the exercise of due care, should have discovered the condition and its dangerous character." (Gov. Code, § 835.2, subd. (b); see also *Heskel v. City of San Diego* (2014) 227 Cal.App.4th 313, 320.) Due care may be established by evidence the dangerous condition would have been discovered by an inspection system or that the public entity had an inspection system but did not discover the condition. (Gov. Code, § 835.2, subd. (b)(1), (2).) Lopez, however, submitted no evidence regarding, for example, how long the tiles had been

6

broken.  She does assert on appeal that the hole she stepped into was 40-inches long and three-to-four inches deep, but she did not raise that point below.  Similarly, where a plaintiff failed to produce evidence that the puddle of vomit he slipped in had been on the sidewalk longer than overnight, a jury's verdict for the plaintiff had to be reversed.  (*Kotronakis v. City & County of San Francisco* (1961) 192 Cal.App.2d 624, 629.)  As Lopez presented no evidence that the condition was obvious or had existed for any particular length of time before the accident, the requirements of constructive notice are not met as a matter of law.  (See, e.g., *State v. Superior Court of San Mateo County* (1968) 263 Cal.App.2d 396, 400.)

Summary judgment in the City's favor was therefore properly granted.

## DISPOSITION

The judgment is affirmed.  No costs are awarded.
NOT TO BE PUBLISHED.


DHANIDINA, J.


We concur:


LAVIN, Acting P. J.


EGERTON, J.


7