Filed 12/13/22 Casey v. City of Ojai CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| MONICA CASEY,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CITY OF OJAI,<br><br>    Defendant and Respondent. | 2d Civil No. B318580<br>(Super. Ct. No. 56-2019-00531285-CU-PO-VTA)<br>(Ventura County)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered the opinion filed herein on November 21, 2022, be modified as follows:

1. On page 5, first full paragraph, the first citation following the first sentence, "*Martinez, supra,* 71 Cal.App.5th at pp. 515, 521" is deleted so that the citation following the first sentence reads as follows:

> (*Heskel v. City of San Diego* (2014) 227 Cal.App.4th 313, 319 (*Heskel*).)

2.  On page 5, first full paragraph, the last citation of the paragraph following the last sentence of the paragraph is modified to read:

(*Martinez, supra*, 71 Cal.App.5th at pp. 521-522.)[2]

There is no change in the judgment.
Appellant's petition for rehearing is denied.

---

GILBERT, P. J.            YEGAN, J.            BALTODANO, J.

Filed 11/21/22  Casey v. City of Ojai CA2/6 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| MONICA CASEY,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CITY OF OJAI,<br><br>    Defendant and Respondent. | 2d Civil No. B318580<br>(Super. Ct. No. 56-2019-00531285-CU-PO-VTA)<br>(Ventura County) |

Monica Casey appeals from the order granting summary judgment against her in favor of the City of Ojai (the City).  She contends there was a triable issue of fact whether the City had constructive notice of the dangerous condition that caused her injury.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Casey was walking on an unpaved shoulder next to Del Monte Road in the City of Ojai.  She tripped over a bent metal rod protruding from the ground, fell, and fractured her radius.

She sued the City for injuries alleging a dangerous condition of public property (Gov. Code, § 835).[1]

The exposed part of the rod was six to 10 inches long and lay one or two inches above the ground. The rod was an anchor associated with a utility pole owned and maintained by AT&T. The City did not install the rod, and it was not used in any of the City's operations.

The ground around the rod was covered with leaves and was "mottled" (spotted) with areas of sun and shade. Casey did not see the rod before she tripped on it. She stated the rod "was the same color as the dirt" and "given its shape, color and location, [was] not expected, readily apparent or easily visible to anyone who would be passing by on foot."

City workers "pass[ed] by" the area of the accident daily on their way to check the adjacent cemetery. The City routinely maintained the area around the accident site, but not the "exact site" where the exposed rod was located. The City cut the weeds on the shoulder in spring "if needed," but not every year. String trimmers (Weedwackers) were used to cut the weeds down to ground level. The weed abatement did not necessarily occur in "the exact location" where Casey tripped.

City workers were trained to report and remove "tripping hazard[s]." For example, the City ground down uneven surfaces between panels on concrete sidewalks. The City did not receive any reports about the rod before the accident, and did not see the rod during any inspections or repairs it performed. It first learned the rod was present when Casey filed her tort claim in

_____

[1] Casey also sued AT&T Services, Inc., and the County of Ventura, but resolved those claims.

2

this case. If the City had been aware of the rod, it would have wanted it removed and would have notified the utility company.

The trial court granted the City's motion for summary judgment. (Code Civ. Proc., § 437c, subd. (a)(1).)

DISCUSSION

*Summary judgment*

"[A] motion for summary judgment shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) A defendant moving for summary judgment "bears the burden of persuasion that 'one or more elements of' the 'cause of action' in question 'cannot be established,' or that 'there is a complete defense' thereto. [Citation.]" (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 (*Aguilar*); Code Civ. Proc., § 437c, subd. (p)(2).)

If the defendant carries this burden, the burden of production shifts to the plaintiff to "set forth the specific facts showing that a triable issue of material fact exists." (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar*, *supra*, 25 Cal.4th at pp. 849-850.) "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar*, at p. 850, fn. omitted.)

"On appeal from the granting of a motion for summary judgment, we examine the record de novo, liberally construing the evidence in support of the party opposing summary judgment and resolving doubts concerning the evidence in favor of that

party." (*Miller v. Department of Corrections* (2005) 36 Cal.4th 446, 460.)

*Constructive knowledge*

A public entity is liable for an injury proximately caused by a dangerous condition of its property if "the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred," and either (a) "[a] negligent or wrongful act or omission of an employee of the public entity . . . created the dangerous condition," or (b) "[t]he public entity had actual or constructive notice of the dangerous condition" but failed to "protect against" it. (Gov. Code, § 835; *Martinez v. City of Beverly Hills* (2021) 71 Cal.App.5th 508, 513-514 (*Martinez*).)

Casey does not contend the City had actual knowledge of the rod and relies solely on a theory of constructive knowledge. "A public entity had constructive notice of a dangerous condition . . . only if the plaintiff establishes that the condition had existed for such a period of time and was of such an obvious nature that the public entity, in the exercise of due care, should have discovered the condition and its dangerous character." (Gov. Code, § 835.2, subd. (b).) The defect must be "sufficiently obvious, conspicuous, and notorious that a public entity should be charged with knowledge of the defect." (*Martinez, supra*, 71 Cal.App.5th at p. 521.) The issue of constructive knowledge may be resolved as a matter of law on summary judgment. (*Id.* at p. 525.)

Casey presented no evidence that the rod would have been visible to a passing vehicle or by a City employee standing on the dirt shoulder. It is telling that Casey did not see the rod before she tripped on it. As she admitted in discovery, it was not

4

"readily apparent or easily visible to anyone who would be passing by on foot."

Constructive knowledge was not shown by any prior reports or complaints to the City regarding the rod. (*Martinez, supra,* 71 Cal.App.5th at pp. 515, 521; *Heskel v. City of San Diego* (2014) 227 Cal.App.4th 313, 319 (*Heskel*).) The declaration of the City's public works maintenance supervisor was sufficient to establish the lack of reports or complaints. The City was not required to present a statement from every employee who might have had knowledge regarding that issue. (*Martinez,* at pp. 521-522.)[2]

The fact that City workers had removed weeds in the general area did not establish constructive knowledge. (See *Heskel, supra,* 227 Cal.App.4th at pp. 315-316, 319 [summary judgment for city because city workers in area did not notice hazard].) The evidence does not establish what years the City abated weeds, or that City employees clearing weeds would have seen the rod in the exercise of due care.

We examine de novo the photographs the trial court considered in the summary judgment motion and "reach our own independent conclusions" regarding them. (*Kasparian v. AvalonBay Communities, Inc.* (2007) 156 Cal.App.4th 11, 15, 24-25.) The photographs support the conclusion that the rod was not "obvious" and would not be discovered in the exercise of due care.

---

[2] Another employee the City designated as the person most knowledgeable regarding several issues stated in a deposition that she did not know if any City employee observed the rod before the accident. Casey cites no authority that a triable issue of fact is created when one employee has knowledge regarding an issue and another employee does not.

5

Photographs taken the day of the accident showed the rod was dark, appeared to be several yards from the street, and protruded one or two inches above the ground. The rod was concealed by scattered leaves and an uneven pattern of shadows, apparently from nearby trees. These photographs do not support the contention the rod was "obvious" or "was of a substantial size or so visible from public thoroughfares that the City, in the exercise of due care, should have become aware of it and taken corrective action to cure it." (*Heskel, supra,* 227 Cal.App.4th at p. 321.)

Casey submitted Google Maps photographs of the dirt shoulder purportedly taken six years before the accident. They contain a small dark spot that Casey declared is the rod. But based on the lack of contrast with the surrounding shadows and the limited quality of the photographs, it cannot be determined if they depict the rod or how long the rod was present.

Even if the rod was present for several years, "'its continued existence does not impart notice to the municipality.'" (*Martinez, supra,* 71 Cal.App.5th at p. 519 [divot present at least 18 months]; *Heskel, supra,* 227 Cal.App.4th at p. 316 [hazard present "'about 2 years'"].) The sustained presence of a dangerous condition does not impart constructive knowledge, where, as here, the defect is not conspicuous. (*Whiting v. National City* (1937) 9 Cal.2d 163 [uneven sidewalk, six years]; *Meyer v. City of San Rafael* (1937) 22 Cal.App.2d 46, 47-50 [break in sidewalk, five to six years].)

The court may consider whether the public entity had a "reasonably adequate" inspection system, and whether the dangerous condition was not discovered in operation of an inspection system with due care. (Gov. Code, § 835.2, subd. (b).)

6

But the City was not required to inspect a dirt shoulder with the "same precision" as a sidewalk. (*Martinez, supra*, 71 Cal.App.5th at p. 524 [alleyway different than sidewalk].) And even if the City's inspection system was inadequate, constructive notice is not imputed here because the hazard was not obvious. (*Id*. at p. 520.)

Casey cites *Erfurt v. State of California* (1983) 141 Cal.App.3d 837, 845, where the state was liable for a defective road design that existed for over 10 years. As drivers reached the crest of a hill, they were suddenly blinded by the sun at the same point the freeway lane split into two lanes with a concrete pillar directly in front of them. Unlike *Erfurt*, there is no evidence here the rod was "obvious."

This case is unlike *Carson v. Facilities Development Co.* (1984) 36 Cal.3d 830, upon which Casey relies. There, trees and a sign obstructed the view of oncoming traffic. (*Id*. at pp. 838, 844.) The sign was "an obvious danger" that "was visible from a public roadway." (*Id*. at pp. 842-844.) But there is no evidence here the rod was visible from the street or likely to be seen by City employees working on the shoulder.

Because Casey did not rebut the City's prima facie case by showing "the existing evidence created a reasonable inference that the condition was obvious or . . . present additional evidence proving that element," summary judgment was properly granted. (*Heskel, supra*, 227 Cal.App.4th at p. 321.)[3]

---

[3] The City also sought summary judgment based on the affirmative defense of trail immunity. (Gov. Code, § 831.4.) The trial court did not rule on this issue. We need not resolve this issue because summary judgment was appropriate given the lack

## DISPOSITION

The judgment is affirmed.  The City shall recover its costs on appeal.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:



GILBERT, P. J.



YEGAN, J.

---

of evidence the City had constructive knowledge of the dangerous condition.

Mark S. Borrell, Judge

Superior Court County of Ventura

———————————————

Rose, Klein & Marias, William M. Grewe and Amelia A. Steelhead for Plaintiff and Appellant.

Procter, Shyer & Winter, James N. Procter II, Kristine A. Tijam; Pollak, Vida & Barer, Daniel P. Barer and Rebecca E. Orloff for Defendant and Respondent.