Filed 5/12/26  Shamiryan v. City of Glendale CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| NORA SHAMIRYAN, | B340724 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 23GDCV00069) |
| v. | |
| CITY OF GLENDALE, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ashfaq G. Chowdhury, Judge.  Affirmed.

Beloryan & Manukyan, Haik Beloryan and Vahe Shakhgeldyan for Plaintiff and Appellant.

Michael J. Garcia, City Attorney, Ann M. Maurer, Chief Assistant City Attorney, and Carl B. Arias, Principal Assistant City Attorney, for Defendant and Respondent.

_____

Nora Shamiryan tripped and fell due to a sidewalk fault that measured 1.5 inches or less. She sued the City of Glendale. Glendale moved for summary judgment. The trial court found there was no triable issue of material fact on the lack of notice and the fault was trivial as a matter of law. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Underlying Incident and the Complaint*

Nora Shamiryan has lived in her Glendale neighborhood since approximately 2002 and was familiar with the area. Shamiryan "would walk around 20 minutes to 30 minutes every day," taking varying routes. On the afternoon of May 24, 2022, Shamiryan left her home to go for a walk. It was a sunny and clear day, and she was "looking straight ahead just in a normal fashion." About 2:30 p.m. or 3:00 p.m., Shamiryan's left foot struck a raised portion of the sidewalk near 600 South Street. This caused her to trip and fall forward onto the ground. Shamiryan testified during a deposition that there were "dry leaves" and "dry branches fallen, scattered around." During the same deposition, Shamiryan testified that there was nothing obstructing her view of the raised sidewalk at the time of the accident and there were no shadows covering the raised sidewalk.

In January 2023 Shamiryan filed a complaint alleging negligence and premises liability under Government Code sections 815, subdivision (a), 815.2, and 835 et seq.

B.    *Glendale's Motion for Summary Judgment*

After answering the complaint, Glendale moved for summary judgment on the grounds that (1) the offset was too

trivial to constitute a dangerous condition and (2) Glendale had no notice of the dangerous condition. In support of its motion, Glendale submitted the declarations of Jesus Valencia, a cement worker finisher, and Matthew Binder, a street crew supervisor, both of whom work for Glendale's Public Works Maintenance Services Section, which is responsible for maintaining and repairing Glendale streets and sidewalks. Binder oversees the concrete operations department, in which Valencia works, and both assist in investigating claims for damages presented to Glendale.

Valencia stated that in November 2022 he visited the sidewalk location where Shamiryan fell. He "identified the offset in that area" and noted that it "did not have any jagged edges or broken pieces." Valencia measured "the offset at its highest point," which he recorded as "1 and 1/8 (1.125) of an inch," and took photographs. That same day, Glendale employees "applied a patch of asphalt to the offset sidewalk to make it sloped."

Binder also assisted in investigating Shamiryan's claim. Upon a request from the city attorney's office, he reviewed Glendale's records in December 2022. Based on this review, Binder found there had been no complaints, service requests, reports of defects, or accidents relating to the sidewalk at or near 600 South Street prior to Shamiryan's May 24, 2022 accident.

C.    *Shamiryan's Evidence in Opposition to Glendale's Motion*

In opposition to Glendale's motion, Shamiryan presented declarations from Philip Rosescu (a forensic engineer), photographs and measurements of the incident scene, excerpts from two depositions of Binder, and excerpts from her deposition. Rosescu, who was retained by Shamiryan as a "safety and liability expert for purposes of forensically investigating" the

3

incident, conducted a site inspection of the sidewalk where Shamiryan fell.  Rosescu signed a declaration that included photographs of the accident location after the asphalt patch was applied.  Photographs of a ruler next to the offset on top of the asphalt patch show the height differential at three-fourths of an inch.  Photographs recording Rosescu's attempt to measure the maximum height differential without the asphalt patch show one and one-half inches, approximately four to six inches from the edge of the upraised sidewalk.

Rosescu stated that the sidewalk uplift that caused Shamiryan's fall presents "an abrupt height differential of 1-1/2 inch."  Rosescu cited human ambulation studies that have shown "the minimum toe clearance of a pedestrian during normal walking stride is approximately 0.50 to 0.60 inches."  He explained one study correlated an "unseen one-inch (1") height differential to a trip occurring on almost every stride . . . .  Therefore, an abrupt height differential of 1-1/2 inch magnitude is not trivial as it poses significant risk of causing a pedestrian to trip and fall or misstep if the height differential is not conspicuous and readily observable in advance."  Rosescu stated the "subject sidewalk offset would not be readily apparent to approaching pedestrians and given that the magnitude of the defect was much higher than the average minimum toe clearance of pedestrians during normal ambulation . . . could therefore easily cause a trip event."

Regarding the issue of notice, Shamiryan submitted a Google Street View image of the accident location from November 2017.  Rosescu's declaration stated:  "Google Street views show the subject height differential existed in some capacity within the subject area at least as far back as November

4

of 2017." The resolution of the image was limited, and there was no evidence of the size of the differential or whether it was more than trivial in 2017. Shamiryan also provided evidence about a "safe routes to schools improvements project" from around November 2017. The project included "[s]elective removal and replacement of damaged sidewalks" and reconstruction of the ADA ramps "in the general area" of Shamiryan's accident.

D. *The Trial Court's Ruling*

The trial court granted summary judgment for Glendale. The court concluded that even accepting Rosescu's measurement of a 1.5-inch defect, the offset was trivial as a matter of law. The court also concluded that Shamiryan had failed to show there is a triable issue of fact on the notice requirement. The court entered judgment, and Shamiryan appealed.

## DISCUSSION

Shamiryan makes two main arguments: (1) the trial court erred in finding no triable issue of fact regarding the lack of constructive notice; and (2) the trial court erred in determining that the sidewalk defect was trivial.

A. *Standard of Review*

"A court may grant a motion for summary judgment "'only when 'all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"'" (*Fajardo v. Dailey* (2022) 85 Cal.App.5th 221, 225 (*Fajardo*); see Code Civ. Proc., § 437c, subd. (c); *Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618.) A defendant moving for summary judgment on a claim on which the plaintiff bears the burden of

5

proof may satisfy its initial burden by showing that "[o]ne or more elements of the cause of action cannot be separately established" by the plaintiff. (Code Civ. Proc., § 437c, subd. (o)(2).) "In other words, all that the defendant need do is to show that the plaintiff cannot establish at least one element of the cause of action—for example, that the plaintiff cannot prove element *X*." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 853.) "'Once the defendant . . . has met that burden, the burden shifts to the plaintiff . . . to show that a triable issue of one or more material facts exists as to that cause of action . . . . The plaintiff . . . may not rely upon the mere allegations or denials' of his 'pleadings to show that a triable issue of material fact exists but, instead,' must 'set forth the specific facts showing that a triable issue of material fact exists as to that cause of action . . . .'" (*Id.* at p. 849.)

"'We review a grant of summary judgment de novo and decide independently whether the facts not subject to triable dispute warrant judgment for the moving party as a matter of law.'" (*Doe v. Roman Catholic Archbishop of Los Angeles* (2021) 70 Cal.App.5th 657, 669.) "'In performing our de novo review, we view the evidence in the light most favorable to plaintiff[ ]' [citation], and we "liberally construe" plaintiff's evidence and 'strictly scrutinize' that of defendant 'in order to resolve any evidentiary doubts or ambiguities in [plaintiff's] favor.'" (*O'Riordan v. Federal Kemper Life Assurance Co.* (2005) 36 Cal.4th 281, 284.)

B.    *Glendale Did Not Have Notice of a Dangerous Condition*
To establish liability, a plaintiff must show the public entity had actual or constructive notice of the dangerous condition. (*Maksimow v. City of South Lake Tahoe* (2024) 106 Cal.App.5th 514, 523-524.) Actual notice requires evidence

6

that the entity "had actual knowledge of the existence of the condition and knew or should have known of its dangerous character." (Gov. Code, § 835.2, subd. (a).) The entity has constructive notice "only if the plaintiff establishes that the condition had existed for such a period of time and was of such an obvious nature that the public entity, in the exercise of due care, should have discovered the condition and its dangerous character." (Gov. Code, § 835.2, subd. (b).) The adequacy of the entity's inspection system and the length of time the condition existed are relevant factors. (Gov. Code, § 835.2, subd. (b)(1).)

Shamiryan failed to raise a triable issue on actual or constructive notice. Glendale presented uncontroverted evidence that it had no prior complaints, service requests, or reports of accidents at the location dating back to 2013. Shamiryan raised evidentiary issues with the evidence in the trial court but does not argue Glendale had actual notice.

Regarding constructive notice, Glendale provided evidence of its inspection and maintenance practices, including its response to service requests and employee reporting policies. With this, in combination with the evidence that there were no prior complaints, service requests, or accident reports for the location, Glendale met its burden of showing a lack of evidence about the amount of time the condition existed and its obviousness.

To meet her burden to show a triable issue, Shamiryan presented a Google Street View image of the same sidewalk location from 2017, and her expert opined that the image shows the sidewalk defect existed in 2017 "in some capacity."[1]

---

[1] Glendale objected to Shamiryan's evidence on constructive notice. The trial court sustained the objection but stated, "even if the Court credited and admitted the Plaintiff's evidence on

7

Shamiryan argues that "the Google Street View picture of the pertinent site from November 2017 shows that the 1.5 inch rise in the sidewalk existed at least 4.5 years prior to Shamiryan's trip and fall." Only it doesn't. While the image perhaps shows some discontinuity in the sidewalk, the image is relatively poor quality and does not show the size of any height differential. There are no measurements or calculations. The image does not show a discontinuity that is more than trivial.

In addition, Shamiryan provided evidence of a 2017 sidewalk improvement project in the same area. Shamiryan argues that the Google Street View image shows the sidewalk condition, and the project should have notified Glendale of the allegedly dangerous condition. This argument fails for the same reason as the Google Street View image alone—there is no evidence that a non-trivial defect existed in 2017. And Glendale is under no obligation to repair an offset if it is only a trivial defect. (See *Ursino v. Big Boy Restaurants* (1987) 192 Cal.App.3d 394, 398 ["The duty of care imposed on a property owner, even one with actual notice, does not require the repair of minor defects."].)

*Heskel v. City of San Diego* (2014) 227 Cal.App.4th 313 is instructive. The plaintiff tripped and fell over a hollow metal post cemented into the sidewalk. (*Id.* at p. 315.) The defendant city moved for summary judgment for lack of constructive notice, providing evidence of how it becomes aware of dangerous

---

constructive notice, the Court would nevertheless grant Defendant's motion on this issue, given the amorphous, nebulous, and speculative nature of Plaintiff's constructive-notice argument." Because the court considered the evidence and neither side briefed the admissibility issue of the constructive notice evidence, we need not address it here.

conditions, receives complaints, responds to such situations, and maintains a database of the information. In addition, the city provided evidence that the database had no report of any dangerous conditions at the accident site. (*Id.* at p. 319.) This met the defendant's burden to show a lack of constructive notice. In response, the plaintiff provided evidence that the post was present for two years, including pictures of the post. (*Id.* at pp. 320-321.) The court noted that the pictures were poor quality and did not show that the condition was obvious or its size. The court concluded that the evidence failed to create a reasonable inference that the condition was obvious and affirmed summary judgment. (*Ibid.*)

Similarly, Glendale moved for summary judgment for lack of constructive notice, providing evidence of how the city becomes aware of dangerous conditions, receives complaints, responds to such situations, and maintains a database of the information. In addition, Glendale provided evidence that the database had no report of any dangerous conditions at the accident site. This met Glendale's initial burden for summary judgment. In response, Shamiryan provided the Google Street View image and the sidewalk improvement evidence from 2017, but neither was sufficient to create a reasonable inference that the defect existed in 2017 and that Glendale had constructive notice. There was no triable issue of fact on constructive notice, and the trial court properly granted summary judgment on the issue.[2]

_____

[2]     Shamiryan also argues the trial court erred in determining that the sidewalk defect was trivial. Because our ruling upholds the judgment on the notice issue, we do not reach the trial court's alternative basis for summary judgment.

9

## DISPOSITION

The judgment is affirmed.  Glendale shall recover its costs on appeal.


                                         GIZA, J.*

We concur:


        SEGAL, Acting P. J.


        STONE, J.

---

\*      Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.