Filed 3/27/24  Amirtalesh v. City of Beverly Hills CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| SHAHNAZ AMIRTALESH, | B326610 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 20STCV12211) |
| v. | |
| CITY OF BEVERLY HILLS, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William A. Crowfoot, Judge.  Affirmed.

Law Office of Maximilian Lee and Maximilian Lee for Plaintiff and Appellant.

Burke, Williams & Sorensen, Michael R. Nebenzahl and Charles H. Abbott for Defendant and Respondent.

Shahnaz Amirtalesh (appellant) appeals from a judgment entered after the trial court granted summary judgment in favor of respondent City of Beverly Hills (the City) on appellant's claims against the City for negligence, dangerous condition of public property, and nuisance. Appellant contends the trial court erred in hearing the City's motion and erred by determining appellant lacked evidence the City had actual or constructive knowledge of the allegedly dangerous condition of public property.

We find no error and affirm the judgment.

## FACTUAL BACKGROUND

On March 10, 2019, at approximately noon, appellant was walking on the west sidewalk of the 300 block of North Rexford Drive, Beverly Hills. While walking, appellant's right foot caught a crack on the sidewalk (uplift) in the vicinity of 345 North Rexford Drive, and she fell to the ground. The uplift presented a height differential of about 1 11/16 inches. The uplift was a result of overgrown roots from a nearby tree. Prior to March 10, 2019, appellant had not noticed the uplift that prompted her fall.

Appellant usually commuted to work by bus. She nearly always walked on the west side of North Rexford Drive past the location where she tripped. Appellant never saw the uplift or anything dangerous about the sidewalk before she fell on March 10, 2019.

The City had the power and authority to fix the sidewalk in front of 345 North Rexford Drive on March 10, 2019. The City's sidewalk inspection and repair policy requires inspections in residential areas every four years. The City's agent performed a sidewalk inspection on the 300 block of North Rexford Drive in

2017, which was the last inspection prior to appellant's 2019 fall. That inspection did not identify a possible sidewalk defect on the 300 block of North Rexford Drive.

In addition to periodic inspections, the City relies on the public to identify and report sidewalk uplifts and other conditions. When a citizen reports a sidewalk offset, the City logs it and requires maintenance staff to visually inspect each report. No citizen reports had been made to the City about a possible sidewalk defect on the 300 block of North Rexford Drive. The City had no record of a claim or lawsuit for injuries in the area prior to appellant's fall.

The City also expects its employees to report observed sidewalk defects. On eight occasions between April 2018 and March 2019, the City's public works employees worked within the 300 block of North Rexford Drive. The work included replacing street light bulbs and servicing the City's sewage system. During those eight instances when public employees were on the 300 block of North Rexford Drive, no employee ever reported a dangerous condition on the sidewalk.

## PROCEDURAL HISTORY

On March 27, 2020, appellant filed a complaint against the City and others for personal injuries. Appellant alleged she suffered damages due to a nuisance and dangerous condition of public property owned or controlled by the City.

On February 23, 2022, the City served a motion for summary judgment on appellant via e-mail. Among other things, the motion argued the City lacked actual or constructive notice of the dangerous condition, relying on the evidence described above.

3

The City originally reserved a hearing date of April 11, 2022, for the motion, but later postponed the date to May 12, 2022.  Although the City had postponed the hearing date, it neglected to change the date on the motion it attempted to file on February 23, 2022.  On March 1, 2022, the City's filing service alerted the City the court rejected the moving papers because the reservation number conflicted with the hearing date.

On March 1, 2022, the City filed two notices of errata explaining the error.  The first was a notice of errata and amended notice of motion for summary judgment, which included the correct May 12, 2022 hearing date on the caption page and a new notice of motion with the correct hearing date.  To make it clear that the amended motion filed on March 1, 2022, was identical to the one served on appellant on February 23, 2022, the notice of errata attached the motion served on February 23, 2022, as an exhibit.

The second notice of errata was for the separate statement of undisputed material facts.  It included two identical separate statements, with the caption on the first separate statement reflecting the correct hearing date of May 12, 2022.

The notices of errata included a declaration from the City's counsel, Michael R. Nebenzahl.  The declaration explained the reason for the error, and emphasized the motion served on February 23, 2022, was the same as the motion attached to the notices of errata.  It also attached all the declarations and supporting documents that had accompanied the February 23, 2022 separate statement.  Appellant raised no objection to the documents filed on March 1, 2022.

On March 2, 2022, the trial court held a hearing on the City's motion to continue trial.  The hearing included a discussion

4

regarding the reserved hearing date on the City's motion for summary judgment. Among other things, the trial court ordered the City's motion for summary judgment was reserved for and would be heard on May 12, 2022. Appellant raised no objection concerning the timing of the motion or the date of the hearing.

In keeping with Code of Civil Procedure section 437c, subdivision (b)(2), appellant filed her opposition to the City's summary judgment motion on April 28, 2022, 14 days before the May 12, 2022 hearing. Appellant also filed a response to the City's separate statement of undisputed material facts, the declaration of Mark Burns, the declaration of Samer Habbas, and appellant's objections to evidence. Every caption page of appellant's opposition and supporting documents contained the correct May 12, 2022 hearing date. Appellant's opposition contained no objection to the timing of the City's filing. Appellant did not challenge the facts set forth by the City regarding their lack of notice of the alleged dangerous condition of the sidewalk. Instead, appellant argued the uncontested facts raised a genuine issue of material fact as to actual or constructive notice.

After appellant's opposition was filed, the trial court notified the City that it did not docket the motion attached to the notice of errata and asked the City to refile the documents it had filed on February 23, 2022.[1] On May 5, 2022, the City followed the superior court's request and refiled the motion and all supporting documents with the caption page of each document containing the correct May 12, 2022 hearing date. The trial court treated the motion filed on May 5, 2022, as the motion filed on

---

[1]    The City has not provided a citation to the record supporting this fact that appellant does not specifically contest. It is not necessary to our decision in this matter.

5

March 1, 2022.  On May 6, 2022, the City filed its reply to appellant's opposition to the motion for summary judgment along with a response to appellant's additional undisputed material facts and objections to the declaration of Burns.

The hearing was held on May 12, 2022.  Following the hearing, the trial court granted summary judgment in favor of the City.  In its tentative decision the trial court explained its rationale for granting summary judgment in the City's favor, explaining that appellant could not, as a matter of law, demonstrate that the City had actual or constructive notice of the alleged sidewalk defect.  The trial court noted, "[t]o assign liability for a defect, the landowner must have notice not only of the condition of the sidewalk, but also of the dangerous character of such condition.  (*Whiting v. National City* (1937) 9 Cal.2d 163, 165.)  [Appellant] has not offered any evidence showing that [the City's] agents had notice of the dangerous character of the sidewalk offset."  Because appellant was unable to establish this required element of her claim against the City, the City's motion for summary judgment was granted.

The trial court also granted the City's motion to exclude parts of the declaration of appellant's expert Burns.  The court sustained the City's objections to portions of Burns's declaration on the grounds they were a legal conclusion or lacked foundation.

Judgment in favor of the City was entered on November 17, 2022.

On January 13, 2023, appellant filed her notice of appeal from the judgment.

## DISCUSSION

## I. Applicable law and standards of review

We review an appeal from an order granting summary judgment de novo, considering all the evidence in the moving and opposition papers except the evidence to which objections were made and sustained by the trial court. (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334.) We review the evidence in the light most favorable to the losing plaintiff, liberally construing the plaintiff's evidence and resolving any evidentiary doubts in favor of the losing party. (*Wiener v. Southcoast Childcare Centers, Inc.* (2004) 32 Cal.4th 1138, 1142.) "Only *admissible evidence* is liberally construed in deciding whether there is a triable issue." (*Bozzi v. Nordstrom, Inc.* (2010) 186 Cal.App.4th 755, 761.)

We review the court's rulings on notice issues for abuse of discretion. (*Robinson v. Woods* (2008) 168 Cal.App.4th 1258, 1261.) We also review the court's evidentiary decisions for abuse of discretion. (*Alexander v. Scripps Memorial Hospital La Jolla* (2018) 23 Cal.App.5th 206, 226.) The appropriate test for the abuse of discretion standard is whether the trial court exceeded the bounds of reason and resulted in a miscarriage of justice. (*Espejo v. The Copley Press, Inc.* (2017) 13 Cal.App.5th 329, 378.)

## II. Timing issues

Appellant argues the trial court erred in considering and granting the City's summary judgment motion when there were only 72 days between the City's filing and service of the operative motion for summary judgment and the May 12, 2022 hearing. Code of Civil Procedure section 437c, subdivision (a)(2) requires that "[n]otice of the [summary judgment] motion and supporting papers shall be served on all other parties to the action at least

75 days before the time appointed for hearing." Appellant emphasizes that "[t]he importance of providing the minimum statutory notice of a summary judgment hearing cannot be overemphasized." (*Robinson v. Woods, supra*, 168 Cal.App.4th at p. 1262.) "'[T]rial courts do not have authority to shorten the minimum notice period for summary judgment hearings.'" (*Ibid.*)

We find that appellant forfeited this issue by failing to raise it before the trial court. (*Briley v. City of West Covina* (2021) 66 Cal.App.5th 119, 138.) Appellant notes we have discretion to consider for the first time on appeal an issue of law, particularly if it is not dependent upon the production of additional evidence and the parties have been afforded a reasonable opportunity to address it. (See, e.g., *Waller v. Truck Ins. Exchange, Inc.* (1995) 11 Cal.4th 1, 24; *Matera v. McLeod* (2006) 145 Cal.App.4th 44, 59.) We choose not to exercise such discretion under the circumstances of this case.

The record shows the motions filed and served on March 1, 2022, were identical to the motions served on February 23, 2022, 78 days before the May 12, 2022 hearing. The Code of Civil Procedure requires only that notice be *served* on all other parties no less than 75 days prior to the hearing. (Code Civ. Proc., § 437c, subd. (a)(2).) While the City had listed the wrong hearing date on the caption page, resulting in rejection of the documents for filing, the City promptly corrected this error and provided appellant with the correct hearing date. Thus, although filing of the motion was not perfected until March 1, 2022, appellant was notified of the motion on February 23, 2022, thus giving appellant more than 75 days to conduct discovery and prepare her opposition. Appellant never objected to the trial court's decision to proceed with the hearing on May 12, 2022.

Appellant's failure to object forfeits her claim on appeal as she "'depriv[ed] the trial court of the opportunity to correct potential error.'" (*People v. Ramos* (1997) 15 Cal.4th 1133, 1171.)

Further, appellant cannot claim prejudice or confusion. Appellant listed the correct hearing date on her opposition and supporting documents. The opposition did not raise a notice issue, nor did appellant object to the May 12, 2022 hearing date at any time. Had appellant raised this issue, it could have easily been resolved by the trial court in the first instance with a continuance of the hearing date. Given appellant's failure to object, we find she has forfeited her claim of procedural error. The trial court acted well within reason in conducting the hearing on May 12, 2022, when the supporting documents showed they were served on appellant more than 75 days prior to that date, without objection.

## III. Actual or constructive notice

The trial court granted the City's motion for summary judgment on the ground there existed no triable issue of material fact as to the City's actual or constructive notice of the dangerous condition of public property. As set forth below, we find no error in this decision.

In order to prove the City was liable for a dangerous condition of public property, appellant was required to establish the following: (1) that defendant owned or controlled the property; (2) that the property was in a dangerous condition at the time of the injury; (3) that the dangerous condition created a reasonably foreseeable risk of the kind of injury that occurred; (4) that negligent or wrongful conduct of the defendant's employee acting within the scope of employment created the dangerous condition or that the defendant had notice of the dangerous

9

condition for a long enough time to have protected against it; (5) that plaintiff was harmed; and (6) that the dangerous condition was a substantial factor in causing plaintiff's harm.  (CACI No. 1100.)  In its motion for summary judgment, the City contended, among other things, that appellant could not, as a matter of law, establish the fourth element of this claim.

Appellant responds that, when viewed in the light most favorable to her, the City's evidence regarding the frequent work performed on the block where appellant tripped and fell created triable issues of material fact as to the City's actual or constructive notice.  Appellant points out the City worked multiple times on the block where the subject uplift was located, yet there was a lack of report of any sidewalk defect.  Construed in the light most favorable to her position, appellant argues, the trial court should have concluded the City's employees were negligent in failing to report the uplift or that the City's inspection policy in place at the time of the incident was unreasonable.  Appellant cites *Straughter v. State of California* (1976) 89 Cal.App.3d 102, 109, for the proposition that "[c]onstructive notice may be found where the dangerous condition would have been discovered by a reasonable inspection [citation]."  Appellant further argues that "[t]he questions of whether a dangerous condition could have been discovered by reasonable inspection and whether there was adequate time for preventive measures are properly left to the jury."  (*Carson v. Facilities Development Co.* (1984) 36 Cal.3d 830, 843.)  Appellant adds, based on these authorities, that the trial court's failure to find a triable issue of material fact as to actual or constructive notice was prejudicial error.

10

Appellant has presented no evidence of actual notice. Rather, appellant provides pure speculation in suggesting that because City employees worked in the vicinity of the uplift, such employees must have observed the uplift. Appellant has provided no deposition testimony suggesting she inquired of any City employee whether the employee observed the uplift.[2] In the absence of evidence of actual notice, appellant's only remaining option was to show evidence of constructive notice.

In order to show constructive notice, appellant is required to present facts supporting two elements: (1) the dangerous condition existed for "a period of time" and (2) "was of such an obvious nature that the public entity, in the exercise of due care, should have discovered the condition and its dangerous character." (Gov. Code, § 835.2, subd. (b).) The City concedes appellant provided some evidence from Google Maps suggesting the uplift may have existed for a period of time. However, appellant provided no evidence the uplift was obvious.

Appellant's testimony was that she traversed that sidewalk frequently as she walked to the bus stop on her way to and from work. Despite the frequency of her passage on that stretch of sidewalk, appellant never noticed the uplift or anything dangerous about the sidewalk before she tripped on March 10, 2019. Thus, appellant's own testimony suggested that the uplift was not obvious.

---

[2] The identities of the city employees who performed work on the subject block of North Rexford Drive were available to appellant, as they were identified by employee number on the work orders attached to the declaration of the City engineer, Daren Grilley.

11

The City provided evidence that City employees are required to report any sidewalk defect they observe. The City also produced work orders showing its employees had worked on the block where appellant tripped eight times in the 11 months before appellant's fall, including three instances 45 days before appellant's fall. Despite the work performed on the block, no City employee reported the subject uplift. This evidence does not support a finding of constructive notice.

*Heskel v. City of San Diego* (2014) 227 Cal.App.4th 313 is instructive. In *Heskel*, the plaintiff sued the City of San Diego claiming he suffered injury after tripping over a protruding base of a hollow metal post cemented into a city sidewalk. (*Id.* at p. 315.) The trial court granted the city's motion for summary judgment on the ground the plaintiff lacked evidence of constructive knowledge on the part of the city, and the *Heskel* court affirmed, finding the plaintiff failed to present evidence the condition was obvious, such that the city, in the exercise of due care, should have become aware of it. (*Ibid.*) The city presented evidence demonstrating that although city workers had been in the area several times in the year preceding the accident, they did not notice the condition. Neither city workers nor citizens had notified the city about the alleged danger. (*Id.* at pp. 315-316.) The plaintiff produced evidence that others had noticed the dangerous condition, along with photographs showing "the condition was at most a few inches in height." (*Id.* at p. 316.) On that record, the *Heskel* court confirmed that the plaintiff had failed to produce evidence creating a triable issue of fact as to obviousness. While the plaintiff produced evidence which suggested "that the condition was above ground and visible, it does not demonstrate that it was of a substantial size or so visible

12

from public thoroughfares that the [c]ity, in the exercise of due care, should have become aware of it and taken corrective action to cure it." (*Id.* at p. 321.)

Similarly, here, appellant lacks evidence as to the essential element of obviousness. The uplift in this matter was 1 11/16 inches—smaller than the post at issue in *Heskel*. Thus, it was not inherently obvious. Appellant failed to convince "the existing evidence created a reasonable inference that the condition was obvious or to present additional evidence proving that element." (*Heskel, supra*, 227 Cal.App.4th at p. 321.)

*Cole v. Town of Los Gatos* (2012) 205 Cal.App.4th 749 is distinguishable. In *Cole*, the town acknowledged that prior to the subject accident, it had received a complaint from a resident near the location where the accident took place. The resident reported a dangerous condition on that particular stretch of road and requested a traffic sign, which the town declined to install. (*Id.* at p. 779.) Unlike the City in this matter, the evidence in *Cole* "amply establish[ed] that [the] [t]own had been notified" of the dangerous condition. (*Ibid.*)[3]

---

[3] Similarly, in *Straughter v. State of California, supra*, 89 Cal.App.3d at page 110, the issue was whether the jury could have determined the state had constructive notice of ice on a highway for a sufficient period of time such that it could have been discovered by a reasonable inspection and remedied. The *Straughter* court found that "[t]he jury here could readily believe the expert's testimony concerning the gradual formation of the ice and its existence prior to the accident," which was confirmed by one of the plaintiff's witnesses. (*Ibid.*) The jury was also entitled to believe the state's employee "should have discovered the ice by reasonable inspection at 4:30, 5:30 or 6:15 a.m.," when the employee conducted such inspections. (*Ibid.*) Thus, unlike the

Appellant emphasizes that in *Carson v. Facilities Development Co., supra*, 36 Cal.3d at page 843, the court stated, "The questions of whether a dangerous condition could have been discovered by reasonable inspection and whether there was adequate time for preventive measures are properly left to the jury." However, this statement is true only where there is conflicting evidence on the issue of constructive notice. In *Carson*, the dangerous condition at issue was a sign erected near the intersection where the plaintiffs' decedent was killed. The strip of land on which the sign was placed was owned by the city, which required an encroachment permit for the placement of the sign on its property. (*Id.* at pp. 836-837.) The sign had been in place for seven months, and a police officer testified that traffic was moderate to heavy at the intersection. (*Id.* at p. 844.) The *Carson* court noted, "The jury could reasonably have inferred from this evidence that [c]ity police officers regularly patrolled the intersection." (*Ibid.*) In contrast to the uplift at issue here, the sign was visible to passersby. Further, due to the permit requirement, there was evidence from which a jury could reasonably infer that the city should have discovered the dangerous condition.

Here, appellant lacked evidence of actual or constructive notice on the part of the City of the uplift in question. Thus, the trial court properly granted summary judgment.[4]

---

City here, there was evidence the defendant's employees had conducted inspections for the very hazard at issue on the date of that accident.

[4] We decline to address at length appellant's argument that city employees were negligent in failing to report the defect.

14

## IV.    Exclusion of evidence

Appellant argues the trial court erroneously sustained the City's objection to the testimony of appellant's expert Burns. Appellant contends Burns is a highly qualified expert in the fields of safety, human factors, and accident reconstruction. Burns reviewed all of the materials filed on March 1, 2022, in support of the City's motion for summary judgment and personally conducted his own inspection of the site where appellant fell.  He stated his opinions to a reasonable degree of scientific and engineering certainty.  Appellant argues the trial court abused its discretion in sustaining the City's objection to Burns's testimony that the City's policy regarding inspection of sidewalks was inherently deficient and below the standard of care for a reasonably prudent municipality.

The trial court sustained the portion of Burns's declaration where he stated the City's policy regarding inspection of sidewalks was "wholly inadequate" on the ground it lacked foundation.  We find no abuse of discretion in this decision. While appellant points to Burns's general qualifications, she fails to articulate any specific qualification regarding City sidewalk inspection policies.  The record does not show Burns to have worked for a municipality or any expertise with sidewalk policies. He set forth no comparative inspection policies nor did he rely on any specific experience with sidewalks or other municipalities. He offered no insight as to how often sidewalk uplifts appear or

There is no evidence that any City employee observed the defect. Further, Government Code section 815 absolves a public entity from liability except as provided by statute.  Appellant has failed to provide statutory authority for her argument that employee negligence is a viable theory in this case.

worsen.  Instead, he simply claimed, "This policy is wholly inadequate as sidewalks are not inspected consistently on a regular basis and therefore dangerous conditions such as sidewalk uplifts could easily form and worsen during the designated four-year time frame without the City ever taking any action."  The trial court did not abuse its discretion in determining that this broad statement lacked adequate foundation.

## DISPOSITION

The judgment is affirmed.  Each side is to bear their own costs of appeal.

_____
CHAVEZ, J.

We concur:


_____
LUI, P. J.


_____
HOFFSTADT, J.

16